UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

SHERONE C. JOHNSON,

     Plaintiff,

v.

CREDIT PROTECTION ASSOCIATION, L.P.,

     Defendant.

_____/

## COMPLAINT
## JURY DEMAND

    1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

    2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

    3.    Plaintiff, SHERONE C. JOHNSON, is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

4.      Defendant, CREDIT PROTECTION ASSOCIATION, L.P., is a limited partnership and citizen of the State of Texas with its principal place of business at Suite 2100, 13355 Noel Road, Dallas, Texas 75240.

5.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant regularly collects or attempts to collect debts for other parties.

7.      Defendant is a "debt collector" as defined in the FDCPA.

8.      Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.     Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

May 13, 2010
Hello, this message is for Sherone Johnson. If this is not Sherone Johnson, please discontinue listening to this message. This is Credit Protection Association calling concerning an important business matter. Please call us back at 1-877-278-5106. Please refer to account reference number: 01577618554. This is an attempt by a debt collector to collect a debt and any information received will be used for such purposes. Again, our phone number is 1-877-278-5106. Thank you.

May 20, 2010

2

Hello, this message is for Sherone Johnson. If this is not Sherone Johnson, please discontinue listening to this message. This is Credit Protection Association calling concerning an important business matter. Please call us back at 1-877-278-5106. Please refer to account reference number: 01577618554. This is an attempt by a debt collector to collect a debt and any information received will be used for such purposes. Again, our phone number is 1-877-278-5106. Thank you.

11.    Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12.    The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.    Section 559.553 of the Florida Consumer Collection Practices Act

("FCCPA") requires all debt collectors to first register with the Florida Office of

Financial Regulation before attempting to collect a debt. See *LeBlanc v. Unifund*

*CCR Partners*, 601 F.3d 1185 (11th Cir. Fla. 2010).

14.    Defendant was attempting to collect a debt from Plaintiff and was

required to register with the Florida Office of Financial Regulation.

15.    Defendant's registration as a debt collector expired as of December

31, 2002 and Defendant has not subsequently registered.

16.    Defendant used an automatic telephone dialing system or a pre-

recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

17.    None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

18.    Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FALSE THREAT OF LEGAL ACTION

19.    Plaintiff incorporates Paragraphs 1 through 18.

20.    Defendant threatened to take legal action which could not legally be taken in attempting to collect the alleged debt due to its failure to first register with the Florida Office of Financial Regulation as required by the Florida Consumer Collection Practices Act Section 559.553, in violation of 15 U.S.C §1692e(5). See *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. Fla. 2010).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT II
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED
## CALLS TO A CELLULAR TELEPHONE

21.    Plaintiff incorporates Paragraphs 1 through 18.

22.    Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-

recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone, in violation of 15 U.S.C §1692d. See Order Denying Defendants' Motion to Dismiss Count IV (DE 19), *Clarke, Kerryjoe N. v Weltman, Weinberg & Reis, Co., et al.,* Case No.: 10-60600-Civ-Cohn/Seltzer (S.D. Fla July 15, 2010), (holding that the same conduct can separately support a violation of both the FDCPA and TCPA).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

23.     Plaintiff incorporates Paragraphs 1 through 18.

24.     Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Damages;

b.     a declaration that Defendant's calls violate the TCPA;

c.      a permanent injunction prohibiting Defendant from placing

non-emergency calls to the cellular telephone of Plaintiff using an

automatic telephone dialing system or pre-recorded or artificial voice;

and

d.      Such other or further relief as the Court deems proper.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
        Donald A. Yarbrough, Esq.
        Florida Bar No. 0158658