# EXHIBIT 2

Page 1

1               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA
2                 FORT LAUDERDALE DIVISION
3

        CASE NO.   11-CV-80604-MARRA/JOHNSON

4
5    SHERONE C. JOHNSON,
6             Plaintiff,
7    vs.                                    **ORIGINAL**
8    CREDIT PROTECTION ASSOCIATION, L.P.
9             Defendant.
     _____/

10
11                          HINSHAW & CULBERTSON, LLP.
                            One East Broward Boulevard
12                          Suite 1010
                            Fort Lauderdale, Florida
13                          Thursday, 3:00 p.m.
                            May 3rd, 2012

14
15
16             DEPOSITION OF SHERONE JOHNSON
17
18
19
20          Taken on behalf of the Defendant, before Dana
21   Daufeldt, FPR, RPR, Notary Public in and for the State
22   of Florida at Large, pursuant to Notice of Taking
23   Deposition Duces Tecum in the above cause.
24
25

Page 2

1    APPEARANCES:

2

ATTORNEY FOR PLAINTIFF

3

        DONALD A. YARBROUGH, ESQ.

4       LAW OFFICE OF DONALD A. YARBROUGH, ESQ.
        Post Office Box 11842

5       Fort Lauderdale, Florida 33339

6

7

8

ATTORNEY FOR DEFENDANT

9

        BARBARA FERNANDEZ, ESQ.

10      HINSHAW & CULBERTSON, LLP.
        9155 S. Dadeland Boulevard

11      Suite 1600
        Miami, Florida 33156-2741

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 3

1
2
3                          I N D E X
4   WITNESS              EXAMINATION BY          PAGE
5   SHERONE JOHNSON        MS. FERNANDEZ           4
6                         MR. YARBROUGH           31
7                         MS. FERNANDEZ           32
8                         MR. YARBROUGH           33
9
10
11

                         E X H I B I T S

12

    FOR IDENTIFICATION                          PAGE
13

14  Exhibit 1    Notice of deposition            10
15  Exhibit 2    Complaint                       11
16  Exhibit 3    Work order                      19
17  Exhibit 4    Plaintiff's responses to        29
                 discovery requests
18
19        (EXHIBITS WERE RETAINED BY THE COURT REPORTER)
20
21
22
23
24
25

Page 4

```
1    Thereupon:

2                    SHERONE JOHNSON

3    was called as a witness and, having been first duly

4    sworn and responding, "Yes" was examined and testified

5    as follows:

6                    DIRECT EXAMINATION

7    BY MS. FERNANDEZ:

8         Q.   Mr. Johnson, like your attorney,

9    Mr. Yarbrough, said my name is Barbara Fernandez, and I

10   represent the defendant in this case, Credit Protection

11   Association.  Could you please state your full name for

12   the record?

13        A.   Sherone Johnson.

14        Q.   Could you spell that?

15        A.   S-h-e-r-o-n-e.

16        Q.   Is there any middle initial?

17        A.   C.

18        Q.   For?

19        A.   Chevalier.

20        Q.   Could you spell that?

21        A.   C-h-e-v-a-l-i-e-r?

22        Q.   Have you ever given a deposition before?

23        A.   Not that I remember, no.

24        Q.   In addition to what your attorney,

25   Mr. Yarbrough, was telling you before we went on the
```

Page 5

1    record, I am going to ask you questions.  And to make

2    things go as smoothly as possible since the court

3    reporter has to type down everything that you and I are

4    saying, please give verbal answers instead of the

5    shaking of the head or mm-hmm because she can't type

6    that.  Please speak loud enough for all of us to hear.

7              What's best is to let me finish my question

8    before you answer because when we talk over each other

9    then it is very difficult for the court reporter to take

10   that down.  If you need a break, let me know.  If you

11   don't understand one of my questions, please let me know

12   and I will rephrase it.  But if you answer my question,

13   I am going to assume that you understood it completely.

14             I don't want to you guess or speculate.  If

15   you don't know an answer, just let me know that you

16   don't know.  Do you understand my instructions?

17        A.   Yes.

18        Q.   Can you please give me your date of birth?

19        A.   ███████.

20        Q.   '77?

21        A.   Yes.

22        Q.   And your Social Security number, which we will

23   do off the record?

24             (Social Security number given off the record)

25        Q.   Where do you currently live?

Page 6

```
 1      A.   I live in Green Acres.

 2      Q.   The address?

 3      A.   ██████████████████

 4      Q.   Waterway Village?

 5      A.   Yes.  That's 33413, Florida.

 6      Q.   And is this a home or apartment?

 7      A.   It's an apartment.

 8      Q.   Is there an apartment number?

 9      A.   607.

10      Q.   So the address is ██████████████ but the

11 apartment number is the 607?

12      A.   Yes, 607.

13      Q.   And do you rent or own this apartment?

14      A.   Rent.

15      Q.   Who else lives with you at this residence?

16      A.   My wife and my kid.

17      Q.   What is your wife's name?

18      A.   Kawanda.

19      Q.   Can you spell that for me, please?

20      A.   K-a-w-a-n-d-a.

21      Q.   And is it the same last name, Johnson?

22      A.   No.  It is Ramsey, R-a-m-s-e-y.

23      Q.   And you said you have one child?

24      A.   No.  I actually have four kids.

25      Q.   How many live with you?
```

Page 7

1    A.    Four.

2    Q.    The four children live with you?

3    A.    Yes.

4    Q.    And how long have you been married?

5    A.    13 years.

6    Q.    What is the highest level of school that you

7    have completed?

8    A.    12th grade.

9    Q.    You graduated from high school?

10   A.    Yes.

11   Q.    And no college or trade schools?

12   A.    Yes, I went to a trade school for a while.

13   Q.    Which school is that?

14   A.    It is Louisiana Technical College.

15   Q.    How many years were you there?

16   A.    I am not sure.  It wasn't a year though.

17   Q.    It didn't complete a year?

18   A.    No.

19   Q.    How long have you lived in Florida?

20   A.    2004.

21   Q.    Are you currently employed?

22   A.    No, I am not.

23   Q.    How long have you been unemployed?

24   A.    Maybe six months, five months.

25   Q.    And where did you work six months ago?

Page 8

1      A.    I was working for an electric company.

2      Q.    Do you know the name of the company?

3      A.    I was actually working for an agency and they

4   sent me out to the company.

5      Q.    I see.  Do you know the name of the agency?

6      A.    Yes.  All Florida Staffing.

7      Q.    And how long were you at the staffing agency?

8      A.    Staffing agency?

9      Q.    Well, I think that's what you called it, the

10   All Florida Staffing Agency.

11      A.    Maybe two or three months.

12      Q.    And prior to that, where were you employed?

13      A.    I was working for an electric company by the

14   name of -- I haven't worked for this company for a

15   while.

16      Q.    You don't remember the name?

17      A.    No.

18      Q.    Do you know how long you worked with that

19   company?

20      A.    Yes.  For maybe 15 months.  Associated is the

21   name of the company.

22      Q.    Prior to that, where were you employed?

23      A.    I have just been working with agencies.  If I

24   get on with a company and I work for a while and I get

25   laid off, I go back to the agency and they send me to

Page 9

1   different places.

2       Q.   Why is it that your employment terminated at

3   Associated Electric?

4       A.   No work.

5       Q.   You were laid off?

6       A.   There was no more work.

7       Q.   Are you taking any medications or under the

8   influence of any drugs that would impair you from being

9   able to answer my questions today?

10      A.   No.  But I do take pain pills from time to

11  time.

12      Q.   When was the last time you took a pain pill?

13      A.   It was two days ago.

14      Q.   And what's the name of the medication?

15      A.   Tylenol.

16      Q.   Is it an extra strength?

17      A.   Yes.

18      Q.   Do you take any prescription pain medication?

19      A.   No.

20      Q.   Besides the lawsuit we are here for today,

21  have you filed or has your attorney filed on your behalf

22  any other lawsuits?

23      A.   Yes.

24      Q.   How many?

25      A.   One.

Page 10

1    Q.   Did you say one?

2    A.   Yes.

3    Q.   So one other besides this one?

4    A.   Yes.

5    Q.   And it is with this attorney, Mr. Don

6  Yarbrough?

7    A.   Yes.

8    Q.   And who is the lawsuit against, the other one?

9    A.   I don't remember.

10   Q.   Does it involve a debt that you owed and

11 collection activities toward you to recover that debt?

12   A.   Yes.

13   Q.   Do you know if that case is still ongoing or

14 has it settled?

15   A.   It settled.

16   Q.   Have you ever filed bankruptcy?

17   A.   No.

18   Q.   Do you have any family members that are in the

19 debt collection or credit reporting industry?

20   A.   I wouldn't know.  Not as far as I know.

21   Q.   Or any friends?

22   A.   No.

23        MS. FERNANDEZ:  I am going to hand to you what

24        I will attach as Exhibit 1.

25             (Notice of deposition marked Exhibit 1 for

Page 11

1    identification)

2        MR. YARBROUGH:  Barbara, what I would like to

3    give you is -- you asked us to bring the originals

4    of certain documents.  We don't have any originals,

5    but what I am giving you is a copy and there is

6    also a CD-rom there that has the audio recordings

7    of the messages and then there is also a copy of

8    the interrogatories as well.

9        MS. FERNANDEZ:  Okay.

10   Q.   Mr. Johnson, could you please take a look at

11   what I have handed you that we are attaching as Exhibit

12   1?  Have you seen this document before today?

13   A.   Yes.

14   Q.   Do you remember when you saw it?

15   A.   No, I don't.  I got it, but I can't give you

16   an exact date when I saw it.  I don't remember.

17       MS. FERNANDEZ:  I am going to hand you another

18       document which we are attaching as Defendant's

19       Exhibit 2.

20       (Complaint marked Exhibit 2 for

21       identification)

22   Q.   Do you recognize that document?

23   A.   Yes.

24   Q.   What is it?

25   A.   It is the document regarding my case.

Page 12

```
 1        Q.    Why is it that you brought this lawsuit?  What
 2   I mean by that is what occurred to you that made you go
 3   to an attorney and file this lawsuit against Credit
 4   Protection Association?
 5        A.    Well, the company, they were trying to get in
 6   touch with me -- I don't want to say harass, but they
 7   were calling my phone and left messages.
 8        Q.    How many messages?
 9        A.    I know for sure they left two.  They left
10   other messages but I can't recall.  I don't remember.
11        Q.    Where were the messages left?
12        A.    As far as what?
13        Q.    As in your home or your cell.
14        A.    My cell phone.
15        Q.    What's your cell phone number?
16        A.    At the time?
17        Q.    Yes, at that time.
18        A.    ███████████████
19        Q.    How long did you have that cell phone number
20   in total?
21        A.    It has to be a few years.
22        Q.    When did you stop having that cell phone
23   number?
24        A.    Maybe like four months ago.  I just changed my
25   number.  I had a problem.
```

Page 13

1    Q.    Because had you a problem you said?

2    A.    No.   I changed my number because I lost my

3    phone.

4    Q.    So as of four months ago, you don't have the

5    phone number of ███████████

6    A.    No, I have a new number.

7    Q.    On Page 2 of the complaint that's marked as

8    Exhibit 2, on the bottom you will see in the complaint

9    it lists under Paragraph 10 a message dated May 13,

10   2010.  You can read the message to yourself.  I just

11   want to know if you recognize that message as a message

12   left on your cell phone number on May 13, 2010.

13   A.    Yes, I do.

14   Q.    And when you heard that message on May 13,

15   2010, what did you understand that message to be?

16   A.    Credit Protection Association calling

17   concerning an important business matter.

18   Q.    When you heard that message, did you

19   understand that Credit Protection Association was trying

20   to collect a debt from you?

21   A.    I just understood they were calling concerning

22   an important business matter.

23   Q.    Can you read the last two or three sentences,

24   if you include the part that says "thank you"; can you

25   read the sentences starting with, "This is an

Page 14

1  attempt" --

2       A.   -- "by a debt collector to collect a debt, and

3  any information received will be used for such

4  purposes."

5       Q.   So do you understand that to mean that they

6  were attempting to try to collect the debt from you?  By

7  "them" I mean Credit Protection Association.

8       A.   This is an attempt by a debt collector to

9  collect a debt.

10      Q.   Under that message there is another message

11 which runs to the next page.  It says May 20, 2010.  If

12 you turn to Page 3 you will see the message.  Do you

13 recall having that message left by Credit Protection

14 Association on your cell phone on May 20, 2010?

15      A.   Yes.

16      Q.   Sir, are those the two calls that you are

17 referring to that you recall were being left by Credit

18 Protection Association?

19      A.   Yes.

20      Q.   What did you do when you heard those two

21 messages?  Did you call Credit Protection Association

22 regarding the debt?

23      A.   No -- I mean, I don't know.  That was so long

24 ago.

25      Q.   When did you first contact your attorney in

Page 15

1  regards to these messages?

2      A.   I don't know.

3      Q.   When you heard the message left by Credit

4  Protection Association, did you try to find out if this

5  company had a license to collect a debt?

6      A.   No.

7      Q.   Do you know whether Credit Protection

8  Association was licensed or not at the time that they

9  were attempting to collect this debt from you?

10     A.   No.

11     Q.   Did you only receive two calls from Credit

12  Protection Association regarding this debt?

13     A.   It was more, but I remember two.

14     Q.   Do you have any records to show that there

15  were more than two calls?

16     A.   No.

17     Q.   Did you keep a handwritten log regarding calls

18  that were being made to you by Credit Protection

19  Association?

20     A.   No.

21     Q.   How did you provide the recorded messages to

22  your attorney?

23     A.   I just told him that I had messages on my

24  phone.

25          MS. FERNANDEZ:  Don, do you want to stipulate

Page 16

1      as well that you are only seeking statutory

2      damages?

3          MR. YARBROUGH:  Yes, please.

4      Q.   Did you ever have any conversation with an

5   employee from Credit Protection Association?

6      A.   I don't know.  I don't know.

7      Q.   Do you remember ever trying to call someone

8   from -- I will refer to them as CPA.  It is just easier.

9   Is that okay?

10      A.   CPA, okay.  Credit Protection.

11      Q.   Is that okay?

12      A.   Yes.

13      Q.   It is just easier and shorter.  When I say

14   CPA, I will be talking about the defendant, my client,

15   that I am representing.

16      A.   Okay.

17      Q.   Did you attempt to speak to someone at CPA?

18      A.   I don't remember.  I don't know.

19      Q.   You see in those messages there is a phone

20   number listed that states that you can call in to that

21   phone number.  Did you ever try to call that phone

22   number?

23      A.   I don't know.  I don't remember.

24      Q.   During the year of 2010, did you owe any

25   outstanding debts to any company?

Page 17

```
 1        A.    I am sure I did.

 2        Q.    Would you know how many?

 3        A.    No.

 4        Q.    Were you receiving collection letters from

 5   debt collectors?

 6        A.    Yes.

 7        Q.    Do you remember receiving a letter from CPA?

 8        A.    Yes.

 9        Q.    You do.  How many letters did you receive from

10   CPA?

11        A.    I received -- I mean, I received letters -- I

12   don't remember.

13        Q.    Were you receiving other phone calls from

14   other debt collection agencies regarding other debts

15   besides the one regarding this lawsuit in the year 2010?

16        A.    I don't remember.

17        Q.    Do you know who the debt was owed to that CPA

18   was trying to collect from you?

19              MS. FERNANDEZ:  I can rephrase it.

20        Q.    Do you know who you owed the money to that CPA

21   was trying to collect?

22        A.    Yes.  It was Comcast.

23        Q.    How do you know it was a debt from Comcast

24   that CPA was trying to collect?

25        A.    How do you know it was a debt?
```

Page 18

1      Q.    How do you know it was Comcast?

2      A.    How do I know?

3      Q.    Did you talk to somebody at CPA and they told

4  you this debt is in regards to money that you owe from

5  Comcast or did you find out later?

6          MR. YARBROUGH:  Mr. Johnson, let me point out

7          something.  The conversations that you have between

8          you and I and that you have with anybody that works

9          for me, those fall under what is called

10         attorney/client privilege, so you should not reveal

11         those.  You should not tell Ms. Fernandez about any

12         discussions that you and I or you and anyone at my

13         office had.  You can answer the question if you can

14         answer it.

15     Q.    What I was asking was how did you find out

16 whether at the time of the calls or later that the debt

17 that CPA was trying to collect was a Comcast debt?

18     A.    I don't remember.

19     Q.    Did you ever send any letters to CPA regarding

20 this debt?

21     A.    No.

22     Q.    The two messages that are identified in the

23 complaint and that you remember were made by CPA, were

24 they made to your cell phone?

25     A.    Yes.

Page 19

1     Q.   Do you recall if any calls were made by CPA to

2   your home phone?

3     A.   No, I don't recall.

4     Q.   Do you have a home phone?

5     A.   I had one but I don't have it anymore.

6     Q.   Did you have a home phone at the time these

7   messages were left, which is between March and May of

8   2010?

9     A.   I know I had one around that time.

10    Q.   Do you remember the phone number?

11    A.   No.

12    Q.   The debt with Comcast, what was it for?

13    A.   That was for cable.

14    Q.   The cable at your home?

15    A.   Yes.

16         MS. FERNANDEZ:   I am going to show you what I

17         am going to mark as Defendant's Exhibit 3.

18         (Work order marked Exhibit 3 for

19         identification)

20    Q.   Do you recognize that document?

21    A.   Yeah, it looks familiar.

22    Q.   I'm sorry?

23    A.   I see it was for the installation.

24    Q.   Installation regarding what?

25    A.   Cable.

Page 20

1      Q.    Was this service that was provided at your

2    home?

3      A.    Yes.

4      Q.    On what date was that?

5      A.    It is marked 5/9/09.

6      Q.    And you recall that service -- and you recall

7    service being done by Comcast to cable at your home

8    around May 9, 2009?

9      A.    Yes.

10     Q.    Now, there is writing filled in on this form,

11   I will call it a work order.  Is that handwriting yours

12   or that of the technician?

13     A.    No, that is not mine.

14     Q.    Now, at the bottom there is a signature.  On

15   the bottom right-hand corner there is a signature above

16   a line that says customer's authorized signature.  Is

17   that your signature?

18     A.    Yes.

19     Q.    And that signature was made on 5/9/09?

20     A.    Yes.

21         MR. YARBROUGH:  Just to clarify something, one

22       question ago you asked about handwriting.  Which

23       handwriting is that?

24         MS. FERNANDEZ:  The handwriting under the

25       "work completed" section here, see there is

Page 21

1    handwriting here.  There is all of this handwriting

2    here.  (Indicating).

3         MR. YARBROUGH:  I see, with the date and time

4    and money received.  That's what you were referring

5    to?

6         MS. FERNANDEZ:  Yes.

7         MR. YARBROUGH:  Thank you very much.

8    Q.   Is there any handwriting besides your

9  signature on this form that is yours?

10   A.   No.

11   Q.   So the only handwritten thing here on the form

12 is your signature?

13   A.   Yes.

14   Q.   And this service was done at the address of

15 607 Waterway Village?

16   A.   Yes.

17   Q.   Which is where you currently live?

18   A.   Yes.

19   Q.   Now, if you look on the top left-hand corner

20 under your name that's typed in, there is a section for

21 phone.  Can you read the phone number that's in there?

22   A.   ███████████

23   Q.   Okay.  Is that your cell phone number?

24   A.   Yes.

25   Q.   Did you provide that phone number to Comcast

Page 22

```
 1   when they did this service for you at your home?
 2        A.   I provided it so they can call for the
 3   installation.
 4        Q.   When do you recall providing that phone number
 5   to Comcast, was it at the time of the service or prior
 6   to that?
 7        A.   That was when I called to order the service so
 8   they could come do the installation.
 9        Q.   So you placed a call to Comcast for someone to
10   come out and install cable at your home?
11        A.   Yes.
12        Q.   And at that time on that phone call is when
13   you provided your cell phone number?
14        A.   Yes.
15        Q.   Why is it that you provided your cell phone
16   number to the employee?
17        A.   So the guy could call to tell me when if I
18   would have to be home for the installation.
19        Q.   Now, on this date of May 9, 2009, did you have
20   any other telephone number besides the cell phone number
21   of ███████████?
22        A.   No.
23        Q.   That was your only phone number?
24        A.   Yes.
25        Q.   And when you called the employee from Comcast
```

Page 23

1   in order to get service at your home, did they ask you

2   for a phone number that you could be reached?

3        A.   Yes.

4        Q.   And you provided that phone number of

5   561-667-8550?

6        A.   Yes, that is the number I gave them so that

7   the guy could do the installation.

8        Q.   There seems to be on this work order -- it is

9   like -- it seems like initials scribbled up here on the

10  right-hand corner.  Was that you?

11       A.   I can't see the paper.

12       Q.   It is right in front of you, that's the same

13  paper.  Right here, it is like a scribble.

14           MR. YARBROUGH:  You mean the tall thing, it is

15       about an inch tall?

16           MS. FERNANDEZ:  Yes.

17       Q.   That wasn't you, Mr. Johnson?

18       A.   No.

19       Q.   And when you signed this form, this work order

20  from Comcast on May 9, 2009, you noticed that your cell

21  phone number was on the form on two separate sections of

22  the form?

23           MR. YARBROUGH:  Barbara, could you point out

24       where the two separate sections of the form the

25       number appears on?

Page 24

1        MS. FERNANDEZ:  On the upper left-hand corner

2     there is a section that says "phone".

3        MR. YARBROUGH:  Okay.  Is that the phone

4     number ending in 8550?

5        MS. FERNANDEZ:  That's right.

6        MR. YARBROUGH:  And where is the other

7     instance?

8        MS. FERNANDEZ:  Then three boxes down, the

9     phone number is listed again.

10        MR. YARBROUGH:  Oh, I see.  Mr. Johnson, she

11     is referring to this and this.

12     Q.   So my question is:  When you signed this form

13  on May 9, 2009, did you see that your cell phone number

14  was listed twice on this form?

15     A.   I don't remember.  I know I gave the guy my

16  number so he could call me to make sure somebody was

17  home for the install.

18     Q.   You keep saying "the guy," who is "the guy"?

19     A.   The install guy, the cable guy.

20     Q.   The guy that came to your home to install the

21  cable?

22     A.   The cable guy.

23     Q.   If I understand your testimony, you testified

24  you called Comcast, you spoke to somebody at Comcast,

25  said, "I need service on my cable, please send somebody

Page 25

1  out"; is that correct?

2      A.   Yes.

3      Q.   When you spoke to that employee from Comcast

4  asking to have somebody come out, did you provide that

5  person your cell phone number, the person you spoke with

6  on the phone?

7      A.   Yes.

8      Q.   Did you also provide your cell phone number to

9  the person who came to your home to provide the service,

10 to install the cable?

11     A.   No, I didn't.

12     Q.   Do you know the name of the person you spoke

13 to at Comcast when you provided your cell phone number?

14     A.   No.

15     Q.   Did you read this work order before signing it

16 on May 9, 2009?

17     A.   I don't remember.

18     Q.   When you signed this form of May 9, 2009, did

19 you read that section under "customer approval," which

20 is right here on the bottom right-hand side?

21     A.   I don't remember if I read it.

22     Q.   Can you read the section that starts, "If this

23 work order relates to the initial installation of

24 service," do you see that part?  It's the second

25 sentence down.  I can read it out load and you can

Page 26

```
 1    follow.  "If this work order relates to the initial
 2    installation of services, I acknowledge receipt of
 3    Comcast welcome kits which contain the Comcast
 4    subscriber agreement, the Comcast subscriber privacy
 5    notices and other important information about the
 6    services.  I agree to be bound by the Comcast subscriber
 7    agreements which constitute the agreements between
 8    Comcast and me for the service."  Do you read that?
 9         A.   I see it.
10         Q.   And that's part of this form that you signed?
11    That's in the form that you signed?
12         A.   Yes.
13         Q.   And did you owe this debt to Comcast, the
14    amount that CPA was trying to collect from you; was that
15    owed to Comcast or had you paid it?
16         A.   No, I didn't pay it.
17         Q.   Did you ever dispute the debt to CPA meaning
18    no, I don't owe this debt?
19         A.   Not that I remember, no, I didn't.
20         Q.   Besides the two calls that you testified that
21    were made to your cell phone and the messages left, was
22    there anything else that CPA did in attempting to
23    collect this debt?
24         A.   Not that I remember.  Just the phone calls.
25         Q.   I may have asked this but I don't remember.
```

Page 27

1   The cell phone number of ███████████  I know you said

2   you no longer have it.  Do you know how long you had it

3   for?

4        A.   Yes.  It was at least a few years.

5        Q.   A few years?

6        A.   Yes.

7        Q.   Who was the provider?

8        A.   Metro PCS.  It could have been T-Mobile.

9        Q.   Who paid the bills for that cell phone number?

10       A.   I paid some and my wife paid some.

11       Q.   Was that cell phone used between the both of

12  you or was that your cell phone?

13       A.   That was mine.

14       Q.   How long had you had service with Comcast?

15       A.   I don't remember.

16            MS. FERNANDEZ:  I am going to attach as

17       Exhibit 4 the Comcast customer privacy notice.

18            MR. YARBROUGH:  Did you produce this to us in

19       discovery?

20            MS. FERNANDEZ:  I think so.  I don't have the

21       file with me.

22            MR. YARBROUGH:  I object to the use of this

23       document because it's never been produced to us in

24       discovery.  Do you have defendant's response to our

25       discovery request?  It was served under a

1    certificate of service dated -- it does have a

2    date.  It is dated October 13, 2011 and the

3    document that you are attempting to present to the

4    witness, the Comcast customer privacy notice -- the

5    document that you are attempting to introduce to

6    the witness is called the Comcast customer privacy

7    notice; and it has a date down at the bottom that

8    looks like it is dated 4/28/10 at 10:19 a.m. and

9    it's Bates stamped CPA000004, and the subsequent

10    pages are sequentially stamped CPA4, 5, 6, 7, and

11    8.

12        And yet, the discovery response that the

13    defendant gave us served under certificate of

14    service dated October 13, 2011, it has a Bates

15    stamp CPA4, 5, 6, and 7 but they are different

16    documents than the Comcast customer privacy notice.

17    And at no place in the October 13th production did

18    defendant disclose to us the Comcast customer

19    privacy notice.  So I object to its use in this

20    deposition and in this case in its entirety.  Thank

21    you.

22        MS. FERNANDEZ:  Mr. Johnson can still look at

23    it and he can still testify to it.

24        MR. YARBROUGH:  I don't think he can.

25        MS. FERNANDEZ:  Discovery is not closed.

Page 29

1      MR. YARBROUGH:  It is.  Discovery is closed.

2      MS. FERNANDEZ:  Oh, is this the one that we

3   moved?  Okay.  That's fine.

4      I am going to take a break and maybe we can

5   reconvene in 5 or 10 minutes.

6      (Time noted:  3:47 p.m.)

7      (Recess taken)

8      (Time noted:  3:57 p.m.)

9      MS. FERNANDEZ:  I am attaching as Defendant's

10  Exhibit 4 plaintiff's responses to defendant's

11  discovery requests along with the attached

12  exhibits.

13      (Plaintiff's responses to discovery requests

14  marked Exhibit 4 for identification)

15 BY MS. FERNANDEZ:

16     Q.   Mr. Johnson, we are now working off of Exhibit

17 4.  Do you recognize that document?

18      MR. YARBROUGH:  There is more than one copy.

19  There is one copy and then it starts again --

20      MS. FERNANDEZ:  You know why?  My secretary

21  just copied it and you always gave us two copies so

22  I think she copied both within one.  We can take

23  off the first copy.  Sorry about that.

24      MR. YARBROUGH:  And this is Exhibit 4?

25      MS. FERNANDEZ:  Yes.

Page 30

1            What was the question?

2       Q.   Do you recognize that document?

3       A.   Yes.

4       Q.   Can you go to the end where there are the

5  documents attached?  What do you understand that

6  document to be which is titled Sherone Johnson versus

7  Credit Protection Association, transcript of message

8  left on client's cell phone ███████.  Is that the

9  language of the message that was left to your cell phone

10 by CPA?

11      A.   Yes.

12      Q.   Who created this document, who transcribed

13 that wording from the message?

14      A.   I don't know.

15      Q.   Was it done by your attorney's office?

16      A.   I don't know.  I don't remember.  I remember

17 seeing that thing.  I got it in the mail.

18      Q.   What about the next page which is in reference

19 to a message left on May 20, 2010?  Do you recognize

20 that message as the message that was left to you by CPA?

21      A.   Yes.

22      Q.   You can flip the page.  That document that you

23 are looking at which is titled licensed search results

24 detail, and all of the documents after that are titled

25 pretty much the same thing; are these documents that you

Page 31

1    obtained personally?  You obtained these documents or is

2    this something your attorney did?

3        A.    No, I didn't obtain it.

4        Q.    Mr. Johnson, I believe you testified that you

5    currently have a home phone number or you do not?

6        A.    At the time?

7        Q.    At the time you didn't?

8        A.    No -- at the time I think I did have one, but

9    I don't remember.

10       Q.    You don't remember.  Okay.  Do you have a home

11   phone number now?

12       A.    No.

13       Q.    And you are saying that in May of 2010 you

14   can't remember whether you had a home phone number or

15   not?

16       A.    I had one.  I can't say exactly what month.

17             MS. FERNANDEZ:  I have nothing further.

18             MR. YARBROUGH:  Okay.  I just have some very

19       brief questions.

20                      CROSS EXAMINATION

21   BY MR. YARBROUGH:

22       Q.    Mr. Johnson, when you got the message and --

23             MR. YARBROUGH:  Barbara, if you could pass me

24       the complaint, if you have the complaint there as

25       an exhibit.

1           MS. FERNANDEZ:   (Handing).

2      Q.   When you got the phone message of May 13,

3  2010, I believe you testified that you understood that

4  Credit Protection was calling you to collect a debt; is

5  that right?

6      A.   Yes.

7      Q.   You understood from this message that they

8  were calling to collect a debt?

9      A.   Yes.

10      Q.   And did you also understand that it was an

11  important business matter?

12      A.   Yes.

13      Q.   Have you heard of people being sued before for

14  debts?

15      A.   Yes.

16      Q.   Did you think that Credit Protection might be

17  either suing you or about to sue you for a debt?

18      A.   Yes.

19           MR. YARBROUGH:   No further questions.

20           MS. FERNANDEZ:   One follow up.

21                REDIRECT EXAMINATION

22  BY MS. FERNANDEZ:

23      Q.   Mr. Johnson, you just testified that when you

24  heard the message in May of 2010 from CPA that you

25  thought you may be sued by CPA for that debt; is that

Page 33

1   correct?

2       A.   I saw it said a business matter.  That's when

3   I called the lawyer, when it is an important business

4   matter.

5       Q.   What made you believe that you were going to

6   be sued by CPA from that message?

7       A.   I didn't know.  I saw important business

8   matter and that's what -- that was the reason why I

9   called the lawyer.

10              MS. FERNANDEZ:  Okay.  Nothing further.

11              MR. YARBROUGH:  One follow-up.

12                    RECROSS EXAMINATION

13  BY MR. YARBROUGH:

14      Q.   I believe you testified that it was because it

15  was debt collection.

16      A.   Yes.

17      Q.   And because it was an important business

18  matter, right?

19      A.   Yes.  It was everything, the whole message.

20      Q.   Have you heard of people being sued before by

21  debt collectors?

22      A.   Yes.

23              MR. YARBROUGH:  Thank you.  We will read and

24          we will order and here is my written copy of the

25          order.



Page 34

1          (Thereupon, the taking of the deposition
2      was concluded at 4:09 p.m.)
3          (The reading and signing were not waived)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 35

```
1   RE      : SHERONE JOHNSON v. CREDIT PROTECTION ASSOC.
    DEPO OF : SHERONE JOHNSON
2   TAKEN   : May 3rd, 2012
3
4                              EXCEPT FOR ANY CORRECTIONS
                               MADE ON THE ERRATA SHEET
5                              BY ME, I CERTIFY THIS IS A
                               TRUE AND ACCURATE
6                              TRANSCRIPT.   FURTHER
                               DEPONENT SAYETH NOT.
7
8                              _____

                               SHERONE JOHNSON
9
10  STATE OF FLORIDA    )
                        )   SS:
11  COUNTY OF _____)
12
13          Sworn and subscribed to before me this
14  _____ day of _____, 2012.
15  PERSONALLY KNOWN _____ OR I.D. _____
16                             _____

                               Notary Public in and for
17                             the State of Florida
                               at Large
18
19  My commission expires:
20
21
22
23
24
25
```

Page 36

1                         ERRATA SHEET

2    RE      : SHERONE JOHNSON v. CREDIT PROTECTION ASSOC.
     DEPO OF : SHERONE JOHNSON
3    TAKEN   : May 3rd, 2012

4       DO NOT WRITE ON TRANSCRIPT, ENTER ANY CHANGES HERE
5    Page #| Line #|    Change          |   Reason
6    _____| _____| _____| _____
7    _____| _____| _____| _____
8    _____| _____| _____| _____
9    _____| _____| _____| _____
10   _____| _____| _____| _____
11   _____| _____| _____| _____
12   _____| _____| _____| _____
13   _____| _____| _____| _____
14   _____| _____| _____| _____
15   _____| _____| _____| _____
16   _____| _____| _____| _____
17   _____| _____| _____| _____
18   _____| _____| _____| _____
19   _____| _____| _____| _____
20   _____| _____| _____| _____

21   State of Florida)
     County of       )

22

     Under penalties of perjury, I declare that I have read
23   by deposition transcript and it is true and correct
     subject to any changes in form or substance entered
24   here.

     _____        _____
25   Date                             SHERONE JOHNSON

Page 37

1               CERTIFICATE OF OATH OF WITNESS

2

3    STATE OF FLORIDA      )
                           ) SS:
4    COUNTY OF MIAMI-DADE)

5

6          I, DANA DAUFELDT, FPR, RPR, Notary Public in

7    and for the State of Florida at Large, certify that the

8    witness, SHERONE JOHNSON, personally appeared before me

9    on May 3rd, 2012 and was duly sworn by me.

10         WITNESS my hand and official seal this 4th day

11   of May, 2012.

12

13

           _____

14         DANA DAUFELDT, FPR, RPR

           Notary Public, State of Florida

15         at Large

16

17   My Commission #EE128465

18   My Commission Expires: September 8, 2015

19

20

21

22

23

24

25

Page 38

1              REPORTER'S DEPOSITION CERTIFICATE

2

3              I, DANA DAUFELDT, Florida Professional

4    Reporter, Registered Professional Reporter, Notary

5    Public in and for the State of Florida at Large, certify

6    that I was authorized to and did stenographically report

7    the deposition of SHERONE JOHNSON, the witness herein;

8    that a review of the transcript was requested; that the

9    foregoing pages numbered from 1 to 40 inclusive is a

10   true and complete record of my stenographic notes of the

11   deposition by said witness; and that this

12   computer-assisted transcript was prepared under my

13   supervision.

14             I further certify that I am not a relative,

15   employee, attorney or counsel of any of the parties, nor

16   am I a relative or employee of any of the parties'

17   attorney or counsel connected with the action.

18             DATED this 4th day of May, 2012.

19

20             _____

                DANA DAUFELDT, FPR, RPR

21              Florida Professional Reporter

                Registered Professional Reporter

22

23

24

25

Page 39

```
 1              VERITEXT FLORIDA REPORTING CO.
                19 West Flagler Street, #1020
 2                   Miami, Florida 33130
                       (305)371-1884
 3
 4  May 4, 2012
 5
 6  SHERONE JOHNSON
    c/o DONALD A. YARBROUGH, ESQ.
 7  LAW OFFICE OF DONALD A. YARBROUGH, ESQ.
    P.O. Box 11842
 8  Fort Lauderdale, Florida 33339
 9
10  RE      : SHERONE JOHNSON v. CREDIT PROTECTION ASSOC.
    DEPO OF : SHERONE JOHNSON
11  TAKEN   : May 3rd, 2012
    READ & SIGN BY:  June 6th, 2012
12
13  Dear Mr. Johnson,
14  This letter is to advise you that the transcript of the
    deposition listed above is completed and is awaiting
15  reading and signing.
16  Please arrange to stop by our office in Suite 1020, 19
    West Flagler Street, Miami, Florida to read and sign the
17  transcript.  Our office hours are from 8:00 a.m. to 4:00
    p.m. Monday through Friday.  Depending on the length of
18  the transcript, you should allow yourself sufficient
    time.
19
    If the reading and signing has not been completed prior
20  to the referenced date, we shall conclude that you have
    waived the reading and signing of the deposition
21  transcript.  Your prompt attention to this matter is
    appreciated.
22
    Sincerely,
23
24  DANA DAUFELDT, FPR, RPR
25  cc:  All counsel on appearance page
```

Page 40

```
 1              VERITEXT FLORIDA REPORTING CO.
                19 West Flagler Street, #1020
 2                   Miami, Florida 33130
                       (305)371-1884
 3
 4   May 4th, 2012
 5
 6   BARBARA FERNANDEZ, ESQ.
     HINSHAW & CULBERTSON, LLP.
 7   9155 S. Dadeland Boulevard
     Suite 1600
 8   Miami, Florida 33156-2741
 9
     RE      : SHERONE JOHNSON v. CREDIT PROTECTION ASSOC.
10   DEPO OF : SHERONE JOHNSON
     TAKEN   : May 3rd, 2012
11   READ & SIGN BY:  June 6th, 2012
12
13   Dear Counsel:·
14   The original transcript of the deposition listed above
     is enclosed for your file.  The witness did not waive
15   reading and signing and has been sent a letter notifying
     them to come in and read and sign their deposition
16   transcript.
17   The witness will be provided a copy of their deposition
     transcript for reading in our office should they come in
18   to review the transcript, and we will forward to you any
     corrections made by the witness at that time, along with
19   an original signature page which should be attached to
     the original transcript which is in your possession.
20
21   Sincerely,
22
23   DANA DAUFELDT, FPR, RPR
24
25
```

**[& - bottom]**

| & |
|---|
| **&**  1:11 2:10 39:11 40:6,11 |

| 1 |
|---|
| **1**  3:14 10:24,25 11:12 38:9 |
| **10**  3:14 13:9 29:5 |
| ▇▇▇  5:19 |
| **1010**  1:12 |
| **1020**  39:1,16 40:1 |
| **10:19**  28:8 |
| **11**  1:3 3:15 |
| **11842**  2:4 39:7 |
| **12th**  7:8 |
| **13**  7:5 13:9,12,14 28:2,14 32:2 |
| **13th**  28:17 |
| **15**  8:20 |
| **1600**  2:11 40:7 |
| **19**  3:16 39:1,16 40:1 |

| 2 |
|---|
| **2**  3:15 11:19,20 13:7 13:8 |
| **20**  14:11,14 30:19 |
| **2004**  7:20 |
| **2009**  20:8 22:19 23:20 24:13 25:16 25:18 |
| **2010**  13:10,12,15 14:11,14 16:24 17:15 19:8 30:19 31:13 32:3,24 |
| **2011**  28:2,14 |
| **2012**  1:13 35:2,14 36:3 37:9,11 38:18 39:4,11,11 40:4,10 40:11 |
| **2015**  37:18 |
| **29**  3:17 |

| 3 |
|---|
| **3**  3:16 14:12 19:17 19:18 |

| **305**  39:2 40:2 |
|---|
| **31**  3:6 |
| **32**  3:7 |
| **33**  3:8 |
| **33130**  39:2 40:2 |
| **33156-2741**  2:11 40:8 |
| **33339**  2:5 39:8 |
| ▇▇▇  6:5 |
| **371-1884**  39:2 40:2 |
| **3:00**  1:13 |
| **3:47**  29:6 |
| **3:57**  29:8 |
| **3rd**  1:13 35:2 36:3 37:9 39:11 40:10 |

| 4 |
|---|
| **4**  3:5,17 27:17 29:10 29:14,17,24 39:4 |
| **4/28/10**  28:8 |
| **40**  38:9 |
| **4:09**  34:2 |
| **4th**  37:10 38:18 40:4 |

| 5 |
|---|
| **5**  28:10,15 29:5 |
| **5/9/09**  20:5,19 |
| ▇▇▇  12:18 |
| 13:5 21:22 22:21 23:5 27:1 30:8 |

| 6 |
|---|
| **6**  28:10,15 |
| ▇  6:3,9,10,11,12 21:15 |
| **6th**  39:11 40:11 |

| 7 |
|---|
| **7**  28:10,15 |
| **77**  5:20 |

| 8 |
|---|
| **8**  28:11 37:18 |
| **80604**  1:3 |
| **8550**  24:4 |
| **8:00**  39:17 |

| 9 |
|---|
| **9**  20:8 22:19 23:20 24:13 25:16,18 |
| **9155**  2:10 40:7 |

| a |
|---|
| **a.m.**  28:8 39:17 |
| **able**  9:9 |
| **accurate**  35:5 |
| **acknowledge**  26:2 |
| **acres**  6:1 |
| **action**  38:17 |
| **activities**  10:11 |
| **addition**  4:24 |
| **address**  6:2,10 21:14 |
| **advise**  39:14 |
| **agencies**  8:23 17:14 |
| **agency**  8:3,5,7,8,10 8:25 |
| **ago**  7:25 9:13 12:24 13:4 14:24 20:22 |
| **agree**  26:6 |
| **agreement**  26:4 |
| **agreements**  26:7,7 |
| **allow**  39:18 |
| **amount**  26:14 |
| **answer**  5:8,12,15 9:9 18:13,14 |
| **answers**  5:4 |
| **anybody**  18:8 |
| **anymore**  19:5 |
| **apartment**  6:6,7,8 6:11,13 |
| **appearance**  39:25 |
| **appearances**  2:1 |
| **appeared**  37:8 |
| **appears**  23:25 |
| **appreciated**  39:21 |
| **approval**  25:19 |
| **arrange**  39:16 |
| **asked**  11:3 20:22 26:25 |
| **asking**  18:15 25:4 |

| **assisted**  38:12 |
|---|
| **assoc**  35:1 36:2 39:10 40:9 |
| **associated**  8:20 9:3 |
| **association**  1:8 4:11 12:4 13:16,19 14:7 14:14,18,21 15:4,8 15:12,19 16:5 30:7 |
| **assume**  5:13 |
| **attach**  10:24 27:16 |
| **attached**  29:11 30:5 40:19 |
| **attaching**  11:11,18 29:9 |
| **attempt**  14:1,8 16:17 |
| **attempting**  14:6 15:9 26:22 28:3,5 |
| **attention**  39:21 |
| **attorney**  2:2,8 4:8 4:24 9:21 10:5 12:3 14:25 15:22 18:10 31:2 38:15,17 |
| **attorney's**  30:15 |
| **audio**  11:6 |
| **authorized**  20:16 38:6 |
| **awaiting**  39:14 |

| b |
|---|
| **b**  3:11 |
| **back**  8:25 |
| **bankruptcy**  10:16 |
| **barbara**  2:9 4:9 11:2 23:23 31:23 40:6 |
| **bates**  28:9,14 |
| **behalf**  1:20 9:21 |
| **believe**  31:4 32:3 33:5,14 |
| **best**  5:7 |
| **bills**  27:9 |
| **birth**  5:18 |
| **bottom**  13:8 20:14 20:15 25:20 28:7 |

Veritext Florida Reporting Co.

**boulevard** 1:11 2:10 40:7
**bound** 26:6
**box** 2:4 39:7
**boxes** 24:8
**break** 5:10 29:4
**brief** 31:19
**bring** 11:3
**brought** 12:1
**broward** 1:11
**business** 13:17,22 32:11 33:2,3,7,17

**c**

**c** 1:5 4:17,21 39:6
**cable** 19:13,14,25 20:7 22:10 24:19,21 24:22,25 25:10
**call** 14:21 16:7,20 16:21 20:11 22:2,9 22:12,17 24:16
**called** 4:3 8:9 18:9 22:7,25 24:24 28:6 33:3,9
**calling** 12:7 13:16 13:21 32:4,8
**calls** 14:16 15:11,15 15:17 17:13 18:16 19:1 26:20,24
**case** 1:3 4:10 10:13 11:25 28:20
**cause** 1:23
**cc** 39:25
**cd** 11:6
**cell** 12:13,14,15,19 12:22 13:12 14:14 18:24 21:23 22:13 22:15,20 23:20 24:13 25:5,8,13 26:21 27:1,9,11,12 30:8,9
**certain** 11:4
**certificate** 28:1,13 37:1 38:1

**certify** 35:5 37:7 38:5,14
**change** 36:5
**changed** 12:24 13:2
**changes** 36:4,23
**chevalier** 4:19
**child** 6:23
**children** 7:2
**clarify** 20:21
**client** 16:14 18:10
**client's** 30:8
**closed** 28:25 29:1
**collect** 13:20 14:2,6 14:9 15:5,9 17:18 17:21,24 18:17 26:14,23 32:4,8
**collection** 10:11,19 17:4,14 33:15
**collector** 14:2,8
**collectors** 17:5 33:21
**college** 7:11,14
**comcast** 17:22,23 18:1,5,17 19:12 20:7 21:25 22:5,9 22:25 23:20 24:24 24:24 25:3,13 26:3 26:3,4,6,8,13,15 27:14,17 28:4,6,16 28:18
**come** 22:8,10 25:4 40:15,17
**commission** 35:19 37:17,18
**company** 8:1,2,4,13 8:14,19,21,24 12:5 15:5 16:25
**complaint** 3:15 11:20 13:7,8 18:23 31:24,24
**complete** 7:17 38:10
**completed** 7:7 20:25 39:14,19
**completely** 5:13

**computer** 38:12
**concerning** 13:17,21
**conclude** 39:20
**concluded** 34:2
**connected** 38:17
**constitute** 26:7
**contact** 14:25
**contain** 26:3
**conversation** 16:4
**conversations** 18:7
**copied** 29:21,22
**copies** 29:21
**copy** 11:5,7 29:18 29:19,23 33:24 40:17
**corner** 20:15 21:19 23:10 24:1
**correct** 25:1 33:1 36:23
**corrections** 35:4 40:18
**counsel** 38:15,17 39:25 40:13
**county** 35:11 36:21 37:4
**court** 1:1 3:19 5:2,9
**cpa** 16:8,10,14,17 17:7,10,17,20,24 18:3,17,19,23 19:1 26:14,17,22 30:1,10 30:20 32:24,25 33:6
**cpa000004** 28:9
**cpa4** 28:10,15
**created** 30:12
**credit** 1:8 4:10 10:19 12:3 13:16,19 14:7,13,17,21 15:3 15:7,11,18 16:5,10 30:7 32:4,16 35:1 36:2 39:10 40:9
**cross** 31:20
**culbertson** 1:11 2:10 40:6
**currently** 5:25 7:21 21:17 31:5

**customer** 25:19 27:17 28:4,6,16,18
**customer's** 20:16
**cv** 1:3

**d**

**d** 3:3 6:20
**dade** 37:4
**dadeland** 2:10 40:7
**damages** 16:2
**dana** 1:20 37:6,14 38:3,20 39:24 40:23
**date** 5:18 11:16 20:4 21:3 22:19 28:2,7 36:25 39:20
**dated** 13:9 28:1,2,8 28:14 38:18
**daufeldt** 1:21 37:6 37:14 38:3,20 39:24 40:23
**day** 35:14 37:10 38:18
**days** 9:13
**dear** 39:13 40:13
**debt** 10:10,11,19 13:20 14:2,2,6,8,9 14:22 15:5,9,12 17:5,14,17,23,25 18:4,16,17,20 19:12 26:13,17,18,23 32:4 32:8,17,25 33:15,21
**debts** 16:25 17:14 32:14
**declare** 36:22
**defendant** 1:9,20 2:8 4:10 16:14 28:13,18
**defendant's** 11:18 19:17 27:24 29:9,10
**depending** 39:17
**depo** 35:1 36:2 39:10 40:10
**deponent** 35:6
**deposition** 1:16,23 3:14 4:22 10:25

[deposition - initial]

28:20 34:1 36:23
38:1,7,11 39:14,20
40:14,15,17
**detail** 30:24
**different** 9:1 28:15
**difficult** 5:9
**direct** 4:6
**disclose** 28:18
**discovery** 3:17
27:19,24,25 28:12
28:25 29:1,11,13
**discussions** 18:12
**dispute** 26:17
**district** 1:1,1
**division** 1:2
**document** 11:12,18
11:22,25 19:20
27:23 28:3,5 29:17
30:2,6,12,22
**documents** 11:4
28:16 30:5,24,25
31:1
**don** 10:5 15:25
**donald** 2:3,4 39:6,7
**drugs** 9:8
**duces** 1:23
**duly** 4:3 37:9

**e**

**e** 3:3,11 4:15,15,21
4:21 6:22
**easier** 16:8,13
**east** 1:11
**ee128465** 37:17
**either** 32:17
**electric** 8:1,13 9:3
**employed** 7:21 8:12
8:22
**employee** 16:5
22:16,25 25:3 38:15
38:16
**employment** 9:2
**enclosed** 40:14
**enter** 36:4

**entered** 36:23
**entirety** 28:20
**errata** 35:4 36:1
**esq** 2:3,4,9 39:6,7
40:6
**exact** 11:16
**exactly** 31:16
**examination** 3:4 4:6
31:20 32:21 33:12
**examined** 4:4
**exhibit** 3:14,15,16
3:17 10:24,25 11:11
11:19,20 13:8 19:17
19:18 27:17 29:10
29:14,16,24 31:25
**exhibits** 3:19 29:12
**expires** 35:19 37:18
**extra** 9:16

**f**

**fall** 18:9
**familiar** 19:21
**family** 10:18
**far** 10:20 12:12
**fernandez** 2:9 3:5,7
4:7,9 10:23 11:9,17
15:25 17:19 18:11
19:16 20:24 21:6
23:16 24:1,5,8
27:16,20 28:22,25
29:2,9,15,20,25
31:17 32:1,20,22
33:10 40:6
**file** 12:3 27:21 40:14
**filed** 9:21,21 10:16
**filled** 20:10
**find** 15:4 18:5,15
**fine** 29:3
**finish** 5:7
**first** 4:3 14:25 29:23
**five** 7:24
**flagler** 39:1,16 40:1
**flip** 30:22
**florida** 1:1,12,22 2:5
2:11 6:5 7:19 8:6,10

35:10,17 36:21 37:3
37:7,14 38:3,5,21
39:1,2,8,16 40:1,2,8
**follow** 26:1 32:20
33:11
**follows** 4:5
**foregoing** 38:9
**form** 20:10 21:9,11
23:19,21,22,24
24:12,14 25:18
26:10,11 36:23
**fort** 1:2,12 2:5 39:8
**forward** 40:18
**four** 6:24 7:1,2
12:24 13:4
**fpr** 1:21 37:6,14
38:20 39:24 40:23
**friday** 39:17
**friends** 10:21
**front** 23:12
**full** 4:11
**further** 31:17 32:19
33:10 35:6 38:14

**g**

**give** 5:4,18 11:3,15
**given** 4:22 5:24
**giving** 11:5
**go** 5:2 8:25 12:2
30:4
**going** 5:1,13 10:23
11:17 19:16,17
27:16 29:4 33:5
**grade** 7:8
**graduated** 7:9
**green** 6:1
**guess** 5:14
**guy** 22:17 23:7
24:15,18,18,19,19
24:20,22

**h**

**h** 3:11 4:15,21
**hand** 10:23 11:17
20:15 21:19 23:10
24:1 25:20 37:10

**handed** 11:11
**handing** 32:1
**handwriting** 20:11
20:22,23,24 21:1,1
21:8
**handwritten** 15:17
21:11
**harass** 12:6
**head** 5:5
**hear** 5:6
**heard** 13:14,18
14:20 15:3 32:13,24
33:20
**high** 7:9
**highest** 7:6
**hinshaw** 1:11 2:10
40:6
**hmm** 5:5
**home** 6:6 12:13 19:2
19:4,6,14 20:2,7
22:1,10,18 23:1
24:17,20 25:9 31:5
31:10,14
**hours** 39:17

**i**

**i.d.** 35:15
**identification** 3:12
11:1,21 19:19 29:14
**identified** 18:22
**impair** 9:8
**important** 13:17,22
26:5 32:11 33:3,7
33:17
**inch** 23:15
**include** 13:24
**inclusive** 38:9
**indicating** 21:2
**industry** 10:19
**influence** 9:8
**information** 14:3
26:5
**initial** 4:16 25:23
26:1

**[initials - okay]**

| | | | |
|---|---|---|---|
| initials 23:9 | language 30:9 | **m** | moved 29:3 |
| install 22:10 24:17 | large 1:22 35:17 | m 6:22 | **n** |
| 24:19,20 25:10 | 37:7,15 38:5 | mail 30:17 | n 3:3 4:15 6:20 |
| installation 19:23 | lauderdale 1:2,12 | march 19:7 | name 4:9,11 6:17,21 |
| 19:24 22:3,8,18 | 2:5 39:8 | mark 19:17 | 8:2,5,14,16,21 9:14 |
| 23:7 25:23 26:2 | law 2:4 39:7 | marked 10:25 11:20 | 21:20 25:12 |
| instance 24:7 | lawsuit 9:20 10:8 | 13:7 19:18 20:5 | need 5:10 24:25 |
| instructions 5:16 | 12:1,3 17:15 | 29:14 | never 27:23 |
| interrogatories 11:8 | lawsuits 9:22 | marra 1:3 | new 13:6 |
| introduce 28:5 | lawyer 33:3,9 | married 7:4 | notary 1:21 35:16 |
| involve 10:10 | left 12:7,9,9,11 | matter 13:17,22 | 37:6,14 38:4 |
| **j** | 13:12 14:13,17 15:3 | 32:11 33:2,4,8,18 | noted 29:6,8 |
| johnson 1:3,5,16 3:5 | 19:7 21:19 24:1 | 39:21 | notes 38:10 |
| 4:2,8,13 6:21 11:10 | 26:21 30:8,9,19,20 | mean 12:2 14:5,7,23 | notice 1:22 3:14 |
| 18:6 23:17 24:10 | length 39:17 | 17:11 23:14 | 10:25 27:17 28:4,7 |
| 28:22 29:16 30:6 | letter 17:7 39:14 | meaning 26:17 | 28:16,19 |
| 31:4,22 32:23 35:1 | 40:15 | medication 9:14,18 | noticed 23:20 |
| 35:1,8 36:2,2,25 | letters 17:4,9,11 | medications 9:7 | notices 26:5 |
| 37:8 38:7 39:6,10 | 18:19 | members 10:18 | notifying 40:15 |
| 39:10,13 40:9,10 | level 7:6 | message 13:9,10,11 | number 5:22,24 6:8 |
| june 39:11 40:11 | license 15:5 | 13:11,14,15,18 | 6:11 12:15,19,23,25 |
| **k** | licensed 15:8 30:23 | 14:10,10,12,13 15:3 | 13:2,5,6,12 16:20 |
| k 6:20 | line 20:16 36:5 | 30:7,9,13,19,20,20 | 16:21,22 19:10 |
| kawanda 6:18 | listed 16:20 24:9,14 | 31:22 32:2,7,24 | 21:21,23,25 22:4,13 |
| keep 15:17 24:18 | 39:14 40:14 | 33:6,19 | 22:16,20,20,23 23:2 |
| kid 6:16 | lists 13:9 | messages 11:7 12:7 | 23:4,6,21,25 24:4,9 |
| kids 6:24 | live 5:25 6:1,25 7:2 | 12:8,10,11 14:21 | 24:13,16 25:5,8,13 |
| kits 26:3 | 21:17 | 15:1,21,23 16:19 | 27:1,9 31:5,11,14 |
| know 5:10,11,15,15 | lived 7:19 | 18:22 19:7 26:21 | numbered 38:9 |
| 5:16 8:2,5,18 10:13 | lives 6:15 | metro 27:8 | **o** |
| 10:20,20 12:9 13:11 | llp 1:11 2:10 40:6 | miami 2:11 37:4 | o 4:15 39:6 |
| 14:23 15:2,7 16:6,6 | load 25:25 | 39:2,16 40:2,8 | oath 37:1 |
| 16:18,23 17:2,17,20 | log 15:17 | middle 4:16 | object 27:22 28:19 |
| 17:23,25 18:1,2 | long 7:4,19,23 8:7 | mine 20:13 27:13 | obtain 31:3 |
| 19:9 24:15 25:12 | 8:18 12:19 14:23 | minutes 29:5 | obtained 31:1,1 |
| 27:1,2 29:20 30:14 | 27:2,14 | mm 5:5 | occurred 12:2 |
| 30:16 33:7 | longer 27:2 | mobile 27:8 | october 28:2,14,17 |
| known 35:15 | look 11:10 21:19 | monday 39:17 | office 2:4,4 18:13 |
| **l** | 28:22 | money 17:20 18:4 | 30:15 39:7,16,17 |
| l 4:21 | looking 30:23 | 21:4 | 40:17 |
| l.p. 1:8 | looks 19:21 28:8 | month 31:16 | official 37:10 |
| laid 8:25 9:5 | lost 13:2 | months 7:24,24,25 | oh 24:10 29:2 |
| | loud 5:6 | 8:11,20 12:24 13:4 | okay 11:9 16:9,10 |
| | louisiana 7:14 | | 16:11,16 21:23 24:3 |

Veritext Florida Reporting Co.

[okay - response]

29:3 31:10,18 33:10
**ongoing** 10:13
**order** 3:16 19:18
 20:11 22:7 23:1,8
 23:19 25:15,23 26:1
 33:24,25
**original** 40:14,19,19
**originals** 11:3,4
**outstanding** 16:25
**owe** 16:24 18:4
 26:13,18
**owed** 10:10 17:17
 17:20 26:15

**p**

**p.m.** 1:13 29:6,8
 34:2 39:17
**p.o.** 39:7
**page** 3:4,12 13:7
 14:11,12 30:18,22
 36:5 39:25 40:19
**pages** 28:10 38:9
**paid** 26:15 27:9,10
 27:10
**pain** 9:10,12,18
**paper** 23:11,13
**paragraph** 13:9
**part** 13:24 25:24
 26:10
**parties** 38:15,16
**pass** 31:23
**pay** 26:16
**pcs** 27:8
**penalties** 36:22
**people** 32:13 33:20
**perjury** 36:22
**person** 25:5,5,9,12
**personally** 31:1
 35:15 37:8
**phone** 12:7,14,15,19
 12:22 13:3,5,12
 14:14 15:24 16:19
 16:21,21 17:13
 18:24 19:2,4,6,10
 21:21,21,23,25 22:4

22:12,13,15,20,23
 23:2,4,21 24:2,3,9
 24:13 25:5,6,8,13
 26:21,24 27:1,9,11
 27:12 30:8,9 31:5
 31:11,14 32:2
**pill** 9:12
**pills** 9:10
**place** 28:17
**placed** 22:9
**places** 9:1
**plaintiff** 1:6 2:2
**plaintiff's** 3:17
 29:10,13
**please** 4:11 5:4,6,11
 5:18 6:19 11:10
 16:3 24:25 39:16
**point** 18:6 23:23
**possession** 40:19
**possible** 5:2
**post** 2:4
**prepared** 38:12
**prescription** 9:18
**present** 28:3
**pretty** 30:25
**prior** 8:12,22 22:5
 39:19
**privacy** 26:4 27:17
 28:4,6,16,19
**privilege** 18:10
**problem** 12:25 13:1
**produce** 27:18
**produced** 27:23
**production** 28:17
**professional** 38:3,4
 38:21,21
**prompt** 39:21
**protection** 1:8 4:10
 12:4 13:16,19 14:7
 14:13,18,21 15:4,7
 15:12,18 16:5,10
 30:7 32:4,16 35:1
 36:2 39:10 40:9
**provide** 15:21 21:25
 25:4,8,9

**provided** 20:1 22:2
 22:13,15 23:4 25:13
 40:17
**provider** 27:7
**providing** 22:4
**public** 1:21 35:16
 37:6,14 38:5
**purposes** 14:4
**pursuant** 1:22

**q**

**question** 5:7,12
 18:13 20:22 24:12
 30:1
**questions** 5:1,11 9:9
 31:19 32:19

**r**

**r** 4:15,21 6:22
**ramsey** 6:22
**reached** 23:2
**read** 13:10,23,25
 21:21 25:15,19,21
 25:22,25 26:8 33:23
 36:22 39:11,16
 40:11,15
**reading** 34:3 39:15
 39:19,20 40:15,17
**reason** 33:8 36:5
**recall** 12:10 14:13
 14:17 19:1,3 20:6,6
 22:4
**receipt** 26:2
**receive** 15:11 17:9
**received** 14:3 17:11
 17:11 21:4
**receiving** 17:4,7,13
**recess** 29:5
**recognize** 11:22
 13:11 19:20 29:17
 30:2,19
**reconvene** 29:5
**record** 4:12 5:1,23
 5:24 38:10
**recorded** 15:21

**recordings** 11:6
**records** 15:14
**recover** 10:11
**recross** 33:12
**redirect** 32:21
**refer** 16:8
**reference** 30:18
**referenced** 39:20
**referring** 14:17 21:4
 24:11
**regarding** 11:25
 14:22 15:12,17
 17:14,15 18:19
 19:24
**regards** 15:1 18:4
**registered** 38:4,21
**relates** 25:23 26:1
**relative** 38:14,16
**remember** 4:23 8:16
 10:9 11:14,16 12:10
 15:13 16:7,18,23
 17:7,12,16 18:18,23
 19:10 24:15 25:17
 25:21 26:19,24,25
 27:15 30:16,16 31:9
 31:10,14
**rent** 6:13,14
**rephrase** 5:12 17:19
**report** 38:6
**reporter** 3:19 5:3,9
 38:4,4,21,21
**reporter's** 38:1
**reporting** 10:19
 39:1 40:1
**represent** 4:10
**representing** 16:15
**request** 27:25
**requested** 38:8
**requests** 3:17 29:11
 29:13
**residence** 6:15
**responding** 4:4
**response** 27:24
 28:12

[responses - transcript]

**responses** 3:17 29:10,13
**results** 30:23
**retained** 3:19
**reveal** 18:10
**review** 38:8 40:18
**right** 20:15 23:10,12 23:13 24:5 25:20,20 32:5 33:18
**rom** 11:6
**rpr** 1:21 37:6,14 38:20 39:24 40:23
**runs** 14:11

**s**

**s** 2:10 3:11 4:15 6:22 40:7
**saw** 11:14,16 33:2,7
**sayeth** 35:6
**saying** 5:4 24:18 31:13
**says** 13:24 14:11 20:16 24:2
**school** 7:6,9,12,13
**schools** 7:11
**scribble** 23:13
**scribbled** 23:9
**seal** 37:10
**search** 30:23
**second** 25:24
**secretary** 29:20
**section** 20:25 21:20 24:2 25:19,22
**sections** 23:21,24
**security** 5:22,24
**see** 8:5 13:8 14:12 16:19 19:23 20:25 21:3 23:11 24:10,13 25:24 26:9
**seeing** 30:17
**seeking** 16:1
**seen** 11:12
**send** 8:25 18:19 24:25

**sent** 8:4 40:15
**sentence** 25:25
**sentences** 13:23,25
**separate** 23:21,24
**september** 37:18
**sequentially** 28:10
**served** 27:25 28:13
**service** 20:1,6,7 21:14 22:1,5,7 23:1 24:25 25:9,24 26:8 27:14 28:1,14
**services** 26:2,6
**settled** 10:14,15
**shaking** 5:5
**sheet** 35:4 36:1
**sherone** 1:5,16 3:5 4:2,13 30:6 35:1,1,8 36:2,2,25 37:8 38:7 39:6,10,10 40:9,10
**shorter** 16:13
**show** 15:14 19:16
**side** 25:20
**sign** 39:11,16 40:11 40:15
**signature** 20:14,15 20:16,17,19 21:9,12 40:19
**signed** 23:19 24:12 25:18 26:10,11
**signing** 25:15 34:3 39:15,19,20 40:15
**sincerely** 39:22 40:21
**sir** 14:16
**six** 7:24,25
**smoothly** 5:2
**social** 5:22,24
**somebody** 18:3 24:16,24,25 25:4
**sorry** 19:22 29:23
**southern** 1:1
**speak** 5:6 16:17
**speculate** 5:14
**spell** 4:14,20 6:19

**spoke** 24:24 25:3,5 25:12
**ss** 35:10 37:3
**staffing** 8:6,7,8,10
**stamp** 28:15
**stamped** 28:9,10
**starting** 13:25
**starts** 25:22 29:19
**state** 1:21 4:11 35:10,17 36:21 37:3 37:7,14 38:5
**states** 1:1 16:20
**statutory** 16:1
**stenographic** 38:10
**stenographically** 38:6
**stipulate** 15:25
**stop** 12:22 39:16
**street** 39:1,16 40:1
**strength** 9:16
**subject** 36:23
**subscribed** 35:13
**subscriber** 26:4,4,6
**subsequent** 28:9
**substance** 36:23
**sue** 32:17
**sued** 32:13,25 33:6 33:20
**sufficient** 39:18
**suing** 32:17
**suite** 1:12 2:11 39:16 40:7
**supervision** 38:13
**sure** 7:16 12:9 17:1 24:16
**sworn** 4:4 35:13 37:9

**t**

**t** 3:11 27:8
**take** 5:9 9:10,18 11:10 29:4,22
**taken** 1:20 29:7 35:2 36:3 39:11 40:10

**talk** 5:8 18:3
**talking** 16:14
**tall** 23:14,15
**technical** 7:14
**technician** 20:12
**tecum** 1:23
**telephone** 22:20
**tell** 18:11 22:17
**telling** 4:25
**terminated** 9:2
**testified** 4:4 24:23 26:20 31:4 32:3,23 33:14
**testify** 28:23
**testimony** 24:23
**thank** 13:24 21:7 28:20 33:23
**thing** 21:11 23:14 30:17,25
**things** 5:2
**think** 8:9 27:20 28:24 29:22 31:8 32:16
**thought** 32:25
**three** 8:11 13:23 24:8
**thursday** 1:13
**time** 9:10,11,12 12:16,17 15:8 18:16 19:6,9 21:3 22:5,12 29:6,8 31:6,7,8 39:18 40:18
**titled** 30:6,23,24
**today** 9:9,20 11:12
**told** 15:23 18:3
**top** 21:19
**total** 12:20
**touch** 12:6
**trade** 7:11,12
**transcribed** 30:12
**transcript** 30:7 35:6 36:4,23 38:8,12 39:14,17,18,21 40:14,16,17,18,19

[true - years]

true 35:5 36:23
   38:10
try 14:6 15:4 16:21
trying 12:5 13:19
   16:7 17:18,21,24
   18:17 26:14
turn 14:12
twice 24:14
two 8:11 9:13 12:9
   13:23 14:16,20
   15:11,13,15 18:22
   23:21,24 26:20
   29:21
tylenol 9:15
type 5:3,5
typed 21:20

**u**

understand 5:11,16
   13:15,19 14:5 24:23
   30:5 32:10
understood 5:13
   13:21 32:3,7
unemployed 7:23
united 1:1
upper 24:1
use 27:22 28:19

**v**

v 4:21 35:1 36:2
   39:10 40:9
verbal 5:4
veritext 39:1 40:1
versus 30:6
▬▬▬▬ 6:3,4,10
   21:15
vs 1:7

**w**

w 6:20
waive 40:14
waived 34:3 39:20
want 5:14 12:6
   13:11 15:25
waterway 6:3,4,10
   21:15

welcome 26:3
went 4:25 7:12
west 39:1,16 40:1
wife 6:16 27:10
wife's 6:17
witness 3:4 4:3 28:4
   28:6 37:1,8,10 38:7
   38:11 40:14,17,18
wording 30:13
work 3:16 7:25 8:24
   9:4,6 19:18 20:11
   20:25 23:8,19 25:15
   25:23 26:1
worked 8:14,18
working 8:1,3,13,23
   29:16
works 18:8
write 36:4
writing 20:10
written 33:24

**x**

x 3:3,11

**y**

y 6:22
yarbrough 2:3,4 3:6
   3:8 4:9,25 10:6 11:2
   16:3 18:6 20:21
   21:3,7 23:14,23
   24:3,6,10 27:18,22
   28:24 29:1,18,24
   31:18,21,23 32:19
   33:11,13,23 39:6,7
yeah 19:21
year 7:16,17 16:24
   17:15
years 7:5,15 12:21
   27:4,5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

SHERONE C. JOHNSON,                     Case No.:  11-CV-80604-MARRA/JOHNSON

        Plaintiff,

vs.

CREDIT PROTECTION ASSOCIATION,
L.P.,

        Defendant.          /

## DEFENDANT'S RE-NOTICE OF TAKING DEPOSITION
## DUCES TECUM OF PLAINTIFF
## (RESET FROM APRIL 30, 2012 BY AGREEMENT OF COUNSEL)

**PLEASE TAKE NOTICE** that the undersigned, on behalf of Defendant, will take the deposition of the below named person at the date and time reflected below:

| NAME | DATE/TIME | LOCATION |
|------|-----------|----------|
| **Sherone C. Johnson** | **Thursday, May 3, 2012 at 2:00 p.m.** | **Hinshaw & Culbertson, LLP One East Broward Boulevard Suite 1010 Ft. Lauderdale, FL   33301 Tel:  954-467-7900** |

upon oral examination, before a VERITEXT REPORTING Court Reporter and/or Notary Public in and for the State of Florida at Large, or some other officer duly authorized by law to take depositions.  The deposition will continue from day to day until completed.  The deposition is being taken for the  purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

Barbara Fernandez
Florida Bar No. 0493767
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Blvd – Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendant CREDIT PROTECTION.



EXHIBIT

DD 5/3/12

14665032 0925507

Case No.: 11-CV-ᴜᴜ604-MARRA/JOHNSON

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2012, a true and correct copy of the above and foregoing

was served via facsimile and U.S. Mail upon the following:

Donald A. Yarbrough, Esq.
Post Office Box 11842
Ft. Lauderdale, FL 33339
Tel: 954-537-2000
Fax: 954-566-2235
donyarbrough@mindspring.com
Attorneys For Plaintiff

Barbara Fernandez
Florida Bar No. 0493767

2

14665032 0925507

Case No.: 11-CV-80604-MARRA/JOHNSON

**Exhibit A**
**Documents to Be Produced**

1.      All documents which refer or relate to the factual allegations in the Complaint.

2.      All documents concerning any communications between Plaintiff and Defendant.

3.      All documents referred to or identified in Plaintiff's answers to Defendant's First Set of Interrogatories.

4.      All documents referred to or identified in Plaintiff's Rule 26 disclosures.

5.      Any and all correspondence between Plaintiff and Defendant.

6.      Any and all documents relating to the debt or amount owed that is alleged and the subject of this litigation, including any and all monthly statements, documents evidencing the names on the account and documents evidencing payments made towards the account.

7.      All tapes or other audio recordings of any telephone messages and/or conversations between you and Defendant, which communications in any way relate to the debt at issue in this lawsuit, including any audio recordings of telephone messages left by Defendant to Plaintiff and any audio recordings of telephone conversations between Defendant and Plaintiff.

8.      Any written transcripts of telephone messages left by Defendant to Plaintiff.

9.      Any written transcripts of telephone conversations between Defendant and Plaintiff.

10.     All statements given by anyone related to Defendant concerning the underlying debt or the allegations in the Complaint.

11.     All documents that support the factual basis and amounts of all damages you claim you have suffered, including, but not limited to statutory damages and actual damages.

12.     Any and all documents that Defendant sent to you.

3

14665032 0925507

13.   Any and all documents you sent Defendant.

14.   All documents that support your factual allegations in the Complaint.

15.   All documents that support your allegations that you incurred costs, expenses, and reasonable attorney's fees as a result of Defendant's conduct.

16.   All calendars, diaries, logs, notes, journals, or any other written or recorded summary of events maintained by you in any way relating to this lawsuit.

17.   All written or recorded statements of any type in your possession or given by you to counsel, from any witness, or any individual, that in any way relates to you allegations in the Complaint.

18.   All statements taken by you or on you behalf from any person relating to the allegations in the Complaint.

19.   All documents which you expect to introduce as evidence at trial or which you intend to use at trial in any manner.

20.   Any and all tangible reports, physical models, compilations of data, and other materials prepared by an expert, or for an expert, who may testify for you at any trial or deposition in this lawsuit.

21.   All documents, including but not limited to invoices, account statements, and telephone bills, which show Plaintiff's cellular or residential telephone number during the time of the alleged calls made by Defendant.

22.   Your fee agreement with your attorney in this case.

23.   Your engagement letter signed by you and/or your attorney in this case.

24.   Your wireless a/k/a mobile a/k/a cell phone records for 2011.

25.   Your wireless a/k/a mobile a/k/a cell phone records for 2010.

4

Case No.: 11-CV-⌐⌐604-MARRA/JOHNSON

26.    Your wireless a/k/a mobile a/k/a cell phone records for 2009.

27.    Your wireless a/k/a mobile a/k/a cell phone records for 2008.

28.    Your wireless a/k/a mobile a/k/a cell phone records for 2007.

29.    Your wireless a/k/a mobile a/k/a cell phone records for 2006.

30.    Your residential and landline phone records for 2011.

31.    Your residential and landline phone records for 2010.

32.    Your residential and landline phone records for 2009.

33.    Your residential and landline phone records for 2008.

34.    Your residential and landline phone records for 2007.

35.    Your residential and landline phone records for 2006.

36.    Copies of all records, including but not limited to invoices and bills, which show who receives the telephone bill for payment for the cellular telephone allegedly called by Defendant.

37.    Copies of all records, including but not limited to invoices and bills, which show who pays the telephone bill for the cellular telephone allegedly called by Defendant.

38.    Your engagement letter signed by you and/or your attorney in this case.

5



**HINSHAW**
& CULBERTSON LLP

**ATTORNEYS AT LAW**
2525 Ponce de Leon Blvd.
Suite 400
Miami, FL 33134-6044

T 305-358-7747
F 305-577-1063
www.hinshawlaw.com

April 30, 2012

### FACSIMILE TRANSMISSION

| | | | |
|---|---|---|---|
| **TO:** | **COMPANY:** | **FAX NO.:** | **PHONE NO.:** |
| Donald Yarbrough | Attorney at Law | 954-566-2235 | 954-537-2000 |

**FROM:**  Barbara Fernandez          **USER ID:**   1599

**MATTER NAME:**  Johnson v. Credit Protection Association     **MATTER NO.:**  0925507

**NO. OF PAGES (Including this Cover):** _____  **SENDING OPERATOR:**  Doreen

**RETURN TO: (other than above)**

COMMENTS, IF ANY:

Please see Defendant's Re-Notice of Taking Deposition Duces Tecum of Plaintiff scheduling same for May 3, 2012 pursuant to the agreement reached between counsel.

FAXED APR 30 2012

**HARD COPY:**  Original Will Be Sent by U.S. Mail

If you do not receive the number of pages listed above, please call 305-358-7747.  The documents that accompany this facsimile contain confidential and privileged information and are intended solely for the use of the individual or entity to whom this transmission is directed.  Any disclosure of the information herein is unauthorized and strictly prohibited.  If you are not the intended recipient of this facsimile, please respond by facsimile to the number above or call the sending operator at our expense immediately so that we may arrange for the return of this document to us at no cost to you.  Thank you.

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

14667169 0925507

```
**  T r a n s m i t   C o n f . R e p o r t  **
```

P.1                                                    Apr 30 2012  15:27

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 919545662235#858 | NORMAL | 30,15:27 | 0'58" | 6 | # O K | |

# HINSHAW

ATTORNEYS AT LAW

2525 Ponce de Leon Blvd.
Suite 400
Miami, FL 33134-6044

T 305-358-7747
F 305-577-1063
www.hinshawlaw.com

April 30, 2012

## FACSIMILE TRANSMISSION

TO:                    COMPANY:              FAX NO.:          PHONE NO.:
Donald Yarbrough       Attorney at Law       954-566-2235      954-537-2000

FROM: Barbara Fernandez                      USER ID:   1599

MATTER NAME:  Johnson v. Credit Protection Association      MATTER NO.:  0925507

NO. OF PAGES (including this Cover):          SENDING OPERATOR:  Doreen

RETURN TO: (other than above)

COMMENTS, IF ANY:

Please see Defendant's Re-Notice of Taking Deposition Duces Tecum of Plaintiff scheduling
same for May 3, 2012 pursuant to the agreement reached between counsel.

HARD COPY:  Original Will Be Sent by U.S. Mail



# Exhibit
# Separator
# o

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO.

SHERONE C. JOHNSON,

    Plaintiff,

v.

CREDIT PROTECTION ASSOCIATION, L.P.,

    Defendant.

_____ /

## COMPLAINT
## JURY DEMAND

    1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15

U.S.C. §1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47

U.S.C §227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

    2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and

15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here

and Defendant placed telephone calls into this District.

### PARTIES

    3.    Plaintiff, SHERONE C. JOHNSON, is a natural person, and citizen of

the State of Florida, residing in Palm Beach County, Florida.



EXHIBIT
2
DD 5/3/12

4.     Defendant, CREDIT PROTECTION ASSOCIATION, L.P., is a limited partnership and citizen of the State of Texas with its principal place of business at Suite 2100, 13355 Noel Road, Dallas, Texas 75240.

5.     Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.     Defendant regularly collects or attempts to collect debts for other parties.

7.     Defendant is a "debt collector" as defined in the FDCPA.

8.     Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.    Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

<u>May 13, 2010</u>
Hello, this message is for Sherone Johnson. If this is not Sherone Johnson, please discontinue listening to this message. This is Credit Protection Association calling concerning an important business matter. Please call us back at 1-877-278-5106. Please refer to account reference number: 01577618554. This is an attempt by a debt collector to collect a debt and any information received will be used for such purposes. Again, our phone number is 1-877-278-5106. Thank you.

<u>May 20, 2010</u>

2

Hello, this message is for Sherone Johnson. If this is not Sherone Johnson, please discontinue listening to this message. This is Credit Protection Association calling concerning an important business matter. Please call us back at 1-877-278-5106. Please refer to account reference number: 01577618554. This is an attempt by a debt collector to collect a debt and any information received will be used for such purposes. Again, our phone number is 1-877-278-5106. Thank you.

11.     Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12.     The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. O8-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.     Section 559.553 of the Florida Consumer Collection Practices Act

("FCCPA") requires all debt collectors to first register with the Florida Office of

Financial Regulation before attempting to collect a debt. See *LeBlanc v. Unifund*

*CCR Partners*, 601 F.3d 1185 (11th Cir. Fla. 2010).

14.     Defendant was attempting to collect a debt from Plaintiff and was

required to register with the Florida Office of Financial Regulation.

15.     Defendant's registration as a debt collector expired as of December

31, 2002 and Defendant has not subsequently registered.

16.     Defendant used an automatic telephone dialing system or a pre-

recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

3

17.    None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

18.    Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FALSE THREAT OF LEGAL ACTION

19.    Plaintiff incorporates Paragraphs 1 through 18.

20.    Defendant threatened to take legal action which could not legally be taken in attempting to collect the alleged debt due to its failure to first register with the Florida Office of Financial Regulation as required by the Florida Consumer Collection Practices Act Section 559.553, in violation of 15 U.S.C §1692e(5). See *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. Fla. 2010).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT II
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

21.    Plaintiff incorporates Paragraphs 1 through 18.

22.    Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-

4

recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone, in violation of 15 U.S.C §1692d. See Order Denying Defendants' Motion to Dismiss Count IV (DE 19), *Clarke, Kerryioe N. v Weltman, Weinberg & Reis, Co., et al.,* Case No.: 10-60600-Civ-Cohn/Seltzer (S.D. Fla July 15, 2010), (holding that the same conduct can separately support a violation of both the FDCPA and TCPA).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

### COUNT III
### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

23.    Plaintiff incorporates Paragraphs 1 through 18.

24.    Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    a declaration that Defendant's calls violate the TCPA;

5

c.    a permanent injunction prohibiting Defendant from placing

non-emergency calls to the cellular telephone of Plaintiff using an

automatic telephone dialing system or pre-recorded or artificial voice;

and

d.    Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

<div style="margin-left:40%">

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658

</div>



# Exhibit Separator

o

**Work Order / Customer Agreement**  ◉ **Comcast**

TASK

INSTALL
CHANGE OF SERVICE                    19
      CHANGE OF SERVICE
INS STND CH SF
CHANGE OF SERVICE
AO SAME

| | |
|---|---|
| INSTALLER JOB | 1373+ SF |
| WORK DATE | 05/09/09   2:00-5:00P |
| ADDRESS | |
| NAME | SHERONE   JOHNSON |
| PHONE /BUS | .8550. |
| CAMPAIGN | WPB CC RETENTION |
| SALESMAN | W21 |
| COMPLEX | |
| ORDER DATE | 05/07/09     BY W21 |
| SPECIAL INSTRUCTS | SPP/N/A |
| COMMENTS | .8550. digi pre transfer & 1  a/o |

CORP# 1641/NODE:P50041
INT-VOD-HDT-DVR-CDV

*** R.O.E. ***

| | UG | OH | CERTIFIED |
|---|---|---|---|
| DROP | | | Y  N |
| EXISTING OUTLETS | | | |
| AREA | | ROUTE | INITIALS |
| TAG | | | |

| | | | SERVICES | CHARGER |
|---|---|---|---|---|
| ACCOUNT NO. | 3975810 | COD (TRANSFER) | | |
| INSTALLATION CHARGE | $ | $3 1 INST A/O | | 0.00 |
| | | $A 1 VIDEO INST | | 0.00 |
| MONTHLY SERVICE CHARGE | $ | LO 1 STANDARD A/O | | 0.00 |
| | | D4 1 TRPV | | 0.00 |
| DEPOSIT | $ | T7 1 DGT PREF+/HZ 4P | | 39.95 |
| | | T8 1 SHOWTIME 6M | | 5.95 |
| PD IN ADVANCE | | | | |

| LAST PAYMENT | $ | | DATE | |
|---|---|---|---|---|

**WORK COMPLETED**   |   **CONVERTERS**   |   **CONVERTER REPLACEMENT**

DATE 5/05/09   MONEY RECEIVED ____ 6 ____   SA0 625 X R V

TIME 1:00pm ☐ AM   DEPOSIT _____

INSTALLER/TECH 322   1ST ATTEMPT DATE ____ TIME ___ 1    $A 1 04 1 T7 1 T8

PHONED YES ☑ NO ☐   2ND ATTEMPT DATE ____ TIME ___ 2    $3 1 LQ 1

ADDITIONAL WORK REQUIRED ☐   REFERRED TO _____ 3

_____ 4

IP MODEM / EMTA   MODEM/EMTA LOCATION _____ 5

IP   OUTLET LOC _____ 6

FROM TO-JHF6-2 OTECH   BOX LOCATION FT _____ 7

05/07/09  INSTALL   8

**SIGNAL READING**

| Channel | Video | Audio | | Optimum | Actual |
|---|---|---|---|---|---|
| Chan 3 | 6/+ | | Upstream TX. | (36-57) | |
| Chan 62 | f4 + | | Downstream PWR. | (+16 to -16) | |
| Chan 86 | 1-f+ | | Downstream S/N. | (35-50dB) | |
| | | | Upstream S/N Ratio. | <(25dB) | |
| | | | QoS/CDV | (4-9) | |

**FIX CODES**

| Sub Drop | Trunk/Distribution | COMMENTS |
|---|---|---|
| ☐ ☐ ☐ | ☐ ☐ ☐ | INSTALL |
| | | NEED A/O |

EXHIBIT
3
DD 5/3/12

**CUSTOMER APPROVAL**

By signing below, I represent that I am at least 18 years old; I am the owner of, or tenant in, the premises at the above address and that the installation, repair or other work provided has been satisfactorily completed. If this Work Order relates to the initial installation of services, I acknowledge receipt of Comcast's Welcome Kit(s) which contain the "Comcast subscriber agreement(s), the Comcast subscriber privacy notice(s) and other important information about the service(s). I agree to be bound by the Comcast subscriber agreement(s) which constitute the agreement(s) between Comcast and me for the service(s). If other non-installation work was provided, I agree to continue to be bound by the current Comcast subscriber agreement(s). I authorize Comcast to obtain a credit report from a consumer credit agency in connection with the provision of the service(s) I am receiving. IF I SUBSCRIBE TO COMCAST DIGITAL VOICE, I ACKNOWLEDGE MY RECEIPT AND UNDERSTANDING OF THE E911 NOTICE ON THE BACK.

Date: 5/05/09

Customer's Authorized Signature

OFFICE COPY



# Exhibit
# Separator
# o

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-80604-Civ-Marra/Johnson

SHERONE C. JOHNSON,

    Plaintiff,

v.

CREDIT PROTECTION ASSOCIATION, L.P.,

    Defendant.

_____/

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST DISCOVERY REQUESTS

Plaintiff responds to Defendant's First Discovery Requests to Plaintiff served under Certificate of Service dated February 3, 2012 and states as follows:

### REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Any and all copies of any recordings of any conversations between Defendant and Plaintiff.

**RESPONSE:** See 2 audio recordings and transcripts thereof that are being produced contemporaneously via email with this discovery response.

2.      Any and all copies of any recordings of any conversations between defendant and any other individual.

**RESPONSE:** See 2 audio recordings and transcripts thereof that are being produced contemporaneously via email with this discovery response.



EXHIBIT
4
DD 5/3/12

1

3.    Any and all copies of any voice messages left by Defendant

**RESPONSE:** See 2 audio recordings and transcripts thereof that are being produced contemporaneously via email with this discovery response.

4.    A copy of any documents relating to or referring to Defendant.

**RESPONSE:** See 2 audio recordings and transcripts thereof that are being produced contemporaneously via email with this discovery response. See Defendant's account history notes. See Florida Office of Financial Regulation documents that are being produced contemporaneously via email with this discovery response.

5.    Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claims stated in paragraphs 19 through 24 of Plaintiff's complaint.

**RESPONSE:** See 2 audio recordings and transcripts thereof that are being produced contemporaneously via email with this discovery response. See Defendant's account history notes. See Florida Office of Financial Regulation documents that are being produced contemporaneously via email with this discovery response.

6.    Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claim that Defendant violated Section 1692d of the FDCPA.

2

**RESPONSE:** See 2 audio recordings and transcripts thereof that are being produced contemporaneously via email with this discovery response. See Defendant's account history notes.

7.      Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claim that Defendant violated Section 1692e(5) of the FDCPA.

**RESPONSE:** See 2 audio recordings and transcripts thereof that are being produced contemporaneously via email with this discovery response. See Defendant's account history notes. See Florida Office of Financial Regulation documents that are being produced contemporaneously via email with this discovery response.

8.      Any and all documents, tape recordings, or material of any kind which support, evidence, or relate to Plaintiff's claim that Defendant violated Section 227(b)(1)(A)(iii) of the TCPA.

**RESPONSE:** See 2 audio recordings and transcripts thereof that are being produced contemporaneously via email with this discovery response. See Defendant's account history notes.

9.      All documents which refer or relate to the allegations in the Complaint, including but not limited to all documents and communications that pertain, refer, support, or relate, in any way, to any of the allegations or to any of the facts underlying

3

any of the allegations in Plaintiff's Complaint, or any additional section of the FDCPA, TCPA, or other law identified in Plaintiff's Answer to Interrogatory No. 21.

**RESPONSE:** See 2 audio recordings and transcripts thereof that are being produced contemporaneously via email with this discovery response. See Defendant's account history notes. See Florida Office of Financial Regulation documents that are being produced contemporaneously via email with this discovery response.

10.     All documents concerning any communications between Plaintiff or his attorneys and CPA.

**RESPONSE:** None.

11.     All statements given by Plaintiff concerning the allegations in the Complaint.

**RESPONSE:** None.

12.     All correspondence or other documents generated by CPA in the possession of Plaintiff or his attorneys.

**RESPONSE:** See 2 audio recordings and transcripts thereof that are being produced contemporaneously via email with this discovery response. See Defendant's account history notes. See Florida Office of Financial Regulation documents that are being produced contemporaneously via email with this discovery response.

4

13.    All documents in the possession of Plaintiff or his attorneys concerning the collection methods used by CPA

**RESPONSE:** None.

14.    Copies of any and all documents that refer to or concern the terms of the agreement for the engagement of legal services between Plaintiff and any attorney who represents or has represented Plaintiff with respect to the allegations contained in the Complaint.

**RESPONSE:** Objection, attorney client privilege.

15.    All documents which support Plaintiff's contention that Defendant violated the FDCPA or any other laws with respect to the collection of Plaintiff's account.

**RESPONSE:** See 2 audio recordings and transcripts thereof that are being produced contemporaneously via email with this discovery response. See Defendant's account history notes. See Florida Office of Financial Regulation documents that are being produced contemporaneously via email with this discovery response.

16.    Plaintiff's attorneys' time records pertaining to the lawsuit, which may be redacted to the extent necessary to preserve the attorney-client privilege.

**RESPONSE:** Objection, not calculated to lead to admissible evidence. In the event that Plaintiff should prevail in this suit and become entitled to attorney's fees, Plaintiff will

5

comply with Local Rules regarding any motion for attorney's fees and costs that may be filed.

17.    Receipts for all costs of court for which Plaintiff seeks reimbursement in this lawsuit.

**RESPONSE:** Objection, not calculated to lead to admissible evidence. In the event that Plaintiff should prevail in this suit and become entitled to attorney's fees, Plaintiff will comply with Local Rules regarding any motion for attorney's fees and costs that may be filed.

18.    To the extent not produced in response to a more specific request above or protected by the attorney work product privilege, all documents in any way relating to the damages Plaintiff is seeking recovery of in this lawsuit.

**RESPONSE:** I am seeking only statutory damages.

19.    All documents referred to, referenced or identified in Plaintiff's Answers to Interrogatories.

**RESPONSE:** See 2 audio recordings and transcripts thereof that are being produced contemporaneously via email with this discovery response. See Defendant's account history notes. See Florida Office of Financial Regulation documents that are being produced contemporaneously via email with this discovery response.

6

20.    All documents which Plaintiff referred to or reviewed for purposes of responding to Defendant's First Set of Interrogatories.

**RESPONSE:** See 2 audio recordings and transcripts thereof that are being produced contemporaneously via email with this discovery response. See Defendant's account history notes. See Florida Office of Financial Regulation documents that are being produced contemporaneously via email with this discovery response.

21.    Copies of any policies of insurance issued by any entity which paid any expenses of any type and nature incurred by Plaintiff as a result of any injuries Plaintiff may have sustained as a result of the occurrences described in the Complaint.

**RESPONSE:** None.

22.    All documents which Plaintiff has provided to any lay or expert witness or investigator regarding this case.

**RESPONSE:** None at this time.

23.    Notes kept by Plaintiff or anyone acting on Plaintiff's behalf regarding any and all conversations Plaintiff has had with Defendant.

**RESPONSE:** None.

24.    All documents relating to communications or attempted communications, written or verbal, between Plaintiff or anyone acting on Plaintiff's behalf and CPA or any

7

other related entity, including but not limited to correspondence, notes, logs of telephone calls, and tape recordings regarding the allegations referenced in Plaintiff's Complaint.

**RESPONSE:** See 2 audio recordings and transcripts thereof that are being produced contemporaneously via email with this discovery response.

25.    All statements made by any person relating to the occurrence or the matters alleged in Plaintiff's complaint or Plaintiff's alleged injuries and damages.

**RESPONSE:** None.

26.    All documents that concern refer or relate to any actions Plaintiff took to mitigate the damages he claims to have suffered by reason of Defendant's alleged actions.

**RESPONSE:** None.

27.    If Plaintiff is seeking recovery of damages for any medical condition (including emotional distress) that Plaintiff claims to have suffered by reason of Defendant's conduct, please produce all of your medical records for the preceding five years.

**RESPONSE:** None.

8

28.    If Plaintiff is claiming mental anguish damages as a result of any alleged

acts or omissions on the part of the Defendant, please produce all documents evidencing

these damages

**RESPONSE:** None.


29.    All documents which Plaintiff intends to mark as exhibits or introduce into

evidence at trial which were not already produced in response to this request for

production of documents.

**RESPONSE:** Unknown at this time.


30.    All statements given by Plaintiff or any other witness concerning the

allegations of the Complaint.

**RESPONSE:** None.


31.    Any agreement between Plaintiff and his attorney relating to Plaintiff's

claim against Defendant.

**RESPONSE:** Objection, attorney-client privilege.


32.    Any agreement between Plaintiff and referring attorney or debt counselor

relating to Plaintiff's claim against Defendant.

**RESPONSE:** Objection, attorney-client privilege.


9

33.     All documents Plaintiff and his attorneys receive in response to any subpoena issued in this litigation.

**RESPONSE:** None.


34.     Copies of all deposition transcripts in which Plaintiff has given deposition testimony.

**RESPONSE:** Objection, work product.


35.     Copies of all affidavits executed by Plaintiff for purposes of use in federal or state court litigation.

**RESPONSE:** Objection, overly broad and not calculated to lead to admissible evidence.


DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone (954) 537-2000
Facsimile (954) 566-2235
donyarbrough@mindspring.com

By:_____

Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was furnished by US Mail with a

courtesy copy via email on March 8, 2012 to:

Ms. Barbara Fernandez, Esq.
Hinshaw & Culbertson, LLP
Suite 1600
9155 South Dadeland Boulevard
Miami, FL 33156-2741
Telephone: 305-428-5031
Facsimile: 305-577-1063

Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

11

## SHERONE C. JOHNSON V
## CREDIT PROTECTION ASSOCIATION, INC.

### TRANSCRIPT OF MESSAGE LEFT
### ON CLIENT'S CELL PHONE    561-667-8550

### CLIENT REPORTS MESSAGE LEFT ON
### MAY 13, 2010

Sent Thursday, May 13th at 7:53 PM.

Hello, this message is for Sherone Johnson. If this is not Sherone Johnson, please discontinue listening to this message. This is Credit Protection Association calling concerning an important business matter. Please call us back at 1-877-278-5106. Please refer to account reference number: 01577618554. This is an attempt by a debt collector to collect a debt and any information received will be used for such purposes. Again, our phone number is 1-877-278-5106. Thank you.

**Pre-Recorded Message.**

Sent Thursday, May 13th at 7:53 PM. Saved message from 877-278-5106. 51 seconds.

Call received on May 13, 2010
Call recorded on May 17, 2010
Transcribed by Sara Phillips on April 28, 2011

NOTES:

### SHERONE C. JOHNSON V
### CREDIT PROTECTION ASSOCIATION, INC.

### TRANSCRIPT OF MESSAGE LEFT
### ON CLIENT'S CELL PHONE    561-667-8550

### CLIENT REPORTS MESSAGE LEFT ON
### MAY 20, 2010

Sent yesterday at 6:07 PM.

Hello, this message is for Sherone Johnson. If this is not Sherone Johnson, please discontinue listening to this message. This is Credit Protection Association calling concerning an important business matter. Please call us back at 1-877-278-5106. Please refer to account reference number: 01577618554. This is an attempt by a debt collector to collect a debt and any information received will be used for such purposes. Again, our phone number is 1-877-278-5106. Thank you.

**Pre-Recorded Message.**

Sent yesterday at 6:07 PM. Saved message from 877-278-5106. 51 seconds.

Call received on May 20, 2010
Call recorded on May 21, 2010
Transcribed by Sara Phillips on April 28, 2011

NOTES:

Florida Office of Financial Regulation                    https://real.flofr.com/ConsumerServices/SearchLicensingRecords/Search..

## License Search Results Detail

| | |
|---|---|
| License Name: | CREDIT PROTECTION ASSOCIATION LP |
| DBA Name: | |

| | |
|---|---|
| License Type: | Consumer Collection Agency |
| Status: | Expired |
| Status Effective Date: | 12/31/2000 |
| Original Date of License: | 4/16/1999 |
| License Number: | CCA9901101 |
| License Expiration Date: | 12/31/2000 |

License Main Address:

| | |
|---|---|
| Street: | 13355 NOEL RD STE 2100 |
| City: | DALLAS |
| State: | TX |
| Zip Code: | 75240 |

License Mailing Address:

| | |
|---|---|
| Street: | PO BOX 802068 |
| City: | DALLAS |
| State: | TX |
| Zip Code: | 75380-2068 |

| | |
|---|---|
| Phone Number: | 800-800-6499 |

Search for Final Orders

of 1                                                                                      7/25/2011 4:59 PM

Florida Office of Financial Regulation          https://real.flofr.com/C    umerServices/SearchLicensingRecords/Se...

## License Search Results Detail

License Name:          CREDIT PROTECTON
                       ASSOCIATION LP
DBA Name:

| | |
|---|---|
| License Type: | Consumer Collection Agency |
| Status: | Approved |
| Status Effective Date: | 12/10/2010 |
| Original Date of License: | 5/30/2003 |
| License Number: | CCA0900251 |
| License Expiration Date: | 12/31/2011 |

License Main Address:

| | |
|---|---|
| Street: | 13355 NOEL RD STE 2100 ATTN: JUDI CHMIELOWIEC |
| City: | DALLAS |
| State: | TX |
| Zip Code: | 75240 |

License Mailing Address:

| | |
|---|---|
| Street: | 13355 NOEL RD STE 2100 ATTN: JUDI CHMIELOWIEC |
| City: | DALLAS |
| State: | TX |
| Zip Code: | 75240 |

Phone Number:          800-800-6499

Search for Final Orders

Florida Office of Financial Regulation                    https://real.flofr.com/ConsumerServices/SearchLicensingRecords/Search...

### License Search Results Detail

| | |
|---|---|
| License Name: | CREDIT PROTECTION ASSOCIATION LP |
| DBA Name: | CREDIT PROTECTION ASSOCIATION |

| | |
|---|---|
| License Type: | Consumer Collection Agency |
| Status: | Expired |
| Status Effective Date: | 12/31/2002 |
| Original Date of License: | 9/6/1995 |
| License Number: | CCA0200538 |
| License Expiration Date: | 12/31/2002 |

**License Main Address:**

| | |
|---|---|
| Street: | 13355 NOEL RD STE 2100 |
| City: | DALLAS |
| State: | TX |
| Zip Code: | 75240 |

**License Mailing Address:**

| | |
|---|---|
| Street: | PO BOX 802068 |
| City: | DALLAS |
| State: | TX |
| Zip Code: | 75380-2068 |

| | |
|---|---|
| Phone Number: | 214-233-9614 |

Search for Final Orders

of 1                                                                                      7/25/2011 4:58 PM

Florida Office of Financial Regulation                              https://real.flofr.com/ConsumerServices/SearchLicensingRecords/Search..

License Search Results Detail

| | |
|---|---|
| License Name: | CREDIT PROTECTION ASSOCIATION LP |
| DBA Name: | CREDIT PROTECTION ASSOCIATION |

| | |
|---|---|
| License Type: | Consumer Collection Agency |
| Status: | Expired |
| Status Effective Date: | 12/31/2002 |
| Original Date of License: | 9/6/1995 |
| License Number: | CCA0200538 |
| License Expiration Date: | 12/31/2002 |

License Main Address:

| | |
|---|---|
| Street: | 13355 NOEL RD STE 2100 |
| City: | DALLAS |
| State: | TX |
| Zip Code: | 75240 |

License Mailing Address:

| | |
|---|---|
| Street: | PO BOX 802068 |
| City: | DALLAS |
| State: | TX |
| Zip Code: | 75380-2068 |

| | |
|---|---|
| Phone Number: | 214-233-9614 |

Search for Final Orders

Florida Office of Financial Regulation                    https://real.flofr.com/C.    mer Services/SearchLicensingRecords/Sear...

## PUBLIC LICENSE SEARCH

The OFR public license search contains information about businesses and individuals regulated by the Office of Financial Regulation, excluding pending applications.

To search for an individual, you must enter at least the individual's last name or the individual's license number, and then select the Search button.

To search for a business, you must enter the business name or the license number, and then select the Search button.

If your search returns multiple results, click on the hyperlink on the license number and the license details will be displayed.

NOTICE REGARDING VERIFYING MORTGAGE INDUSTRY LICENSES: Individuals, Companies, and Branch Offices that hold an ACTIVE license as

reflected on this website regardless of the license expiration date may continue operating on or after January 1, 2011.

credit protection

Search     Reset

**3 Records Found**

| Name | Name Type | License Type | License Number | Address | City | County | State | Status |
|------|-----------|--------------|----------------|---------|------|--------|-------|--------|
| CREDIT PROTECTION ASSOCIATION | DBA | Consumer Collection Agency | CCA0200538 | 13355 NOEL RD | DALLAS | DALLAS | TX | Expired |
| CREDIT PROTECTION ASSOCIATION LP | Primary | Consumer Collection Agency | CCA0200538 | 13355 NOEL RD | DALLAS | DALLAS | TX | Expired |
| CREDIT PROTECTION ASSOCIATION LP | Primary | Consumer Collection Agency | CCA9901101 | 13355 NOEL RD | DALLAS | DALLAS | TX | Expired |

1 of 1

7/20/2011 5:44 PM

.Florida Office of Financial Regulation        https://real.flofr.com/C    .umer-Services/SearchLicensingRecords/Sear...

## PUBLIC LICENSE SEARCH

The OFR public license search contains information about businesses and individuals regulated by the Office of Financial Regulation, excluding pending applications.

To search for an individual, you must enter at least the individual's last name or the individual's license number, and then select the Search button.

To search for a business, you must enter the business name or the license number, and then select the Search button.

If your search returns multiple results, click on the hyperlink on the license number and the license details will be displayed.

NOTICE REGARDING VERIFYING MORTGAGE INDUSTRY LICENSES: Individuals, Companies, and Branch Offices that hold an ACTIVE license as

reflected on this website regardless of the license expiration date may continue operating on or after January 1, 2011.

credit protection

**Search**    **Reset**

### 3 Records Found

| Name | Name Type | License Type | License Number | Address | City | County | State | Status |
|---|---|---|---|---|---|---|---|---|
| CREDIT PROTECTION ASSOCIATION | DBA | Consumer/Collection Agency | CCA0200538 | 13355 NOEL RD | DALLAS | DALLAS | TX | Expired |
| CREDIT PROTECTION ASSOCIATION LP | Primary | Consumer Collection Agency | CCA0200538 | 13355 NOEL RD | DALLAS | DALLAS | TX | Expired |
| CREDIT PROTECTION ASSOCIATION LP | Primary | Consumer Collection Agency | CCA9901101 | 13355 NOEL RD | DALLAS | DALLAS | TX | Expired |



Barbara Fernandez /HC14          To   Doreen Connolly/HC14@HC
03/09/2012 11:04 AM              cc
                                bcc
                            Subject   Fw: Johnson v Credit

Please print for our file.

**Barbara Fernandez**
Partner
9155 South Dadeland Boulevard, Suite 1600, Miami, Florida 33156
Tel: 305-358-7747 | Fax: 305-577-1063
E-mail: bfernandez@hinshawlaw.com

# HINSHAW
& CULBERTSON LLP

—— Forwarded by Barbara Fernandez/HC14 on 03/09/2012 11:04 AM ——



"Brian Albaum"
<brianalbaum @mindspring .co
m>                                To   "Barbara Fernandez" <bfernandez@hinshawlaw.com>
                                   cc   "Jarryd Gaier" <jarryd@donyarbrough.com>, "Amanda
03/08/2012 05:35 PM                    Winston" <amandawinston@mindspring.com>, "Brian
                                       Albaum" <brianalbaum@mindspring.com>, "Don Yarbrough"
                                       <donyarbrough@mindspring.com>, "Giancarlo Cellini"
                                       <gc@donyarbrough.com>, "Tamara Mihajlovic"
                                       <tamara@donyarbrough.com>
                                Subject   Johnson v Credit

Counsel,

Attached is a courtesy copy of Plaintiff's responses to Defendant's discovery requests and the
accompanying documents served via US Mail today.

Thank you,
Brian Albaum

<><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><
><><><><><><
Brian Albaum
Legal Assistant
Donald A. Yarbrough, Esq.
Suite 105
2000 East Oakland Park Boulevard
Post Office Box 11842
Ft. Lauderdale, FL 33339
Tel: 954-537-2000
Fax: 954-566-2235
Email <brianalbaum@mindspring.com>
<><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><><
><><><><><><   🔲 - Johnson v Credit - License Search 7-25-11.pdf 🔲 - Johnson v Credit - D -

RFP - Responses - Signed.pdf - Johnson v Credit - D - ROGS - Responses - Signed.pdf - Johnson v Credit - dc call 5-13-10 cell.wav - Johnson v Credit - dc call 5-13-10 cell transcript.doc - Johnson v Credit - dc call 5-20-10 cell.wav - Johnson v Credit - dc call 5-20-10 cell transcript.doc - Johnson v Credit - License Date 4-16-99.pdf - Johnson v Credit - License Date 5-30-03.pdf - Johnson v Credit - License Date 9-6-95.pdf - Johnson v Credit - License Date 9-6-95 - DBA.pdf - Johnson v Credit - License Search 7-20-1.pdf