UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-80604-Civ-Marra/Hopkins

SHERONE C. JOHNSON,

    Plaintiff,

v.

CREDIT PROTECTION ASSOCIATION, L.P.,

    Defendant.

_____/

### **PLAINTIFF'S OPPOSITION TO DEFENDANT'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS**

Plaintiff, Sherone C. Johnson, files this Opposition to Defendant's Statement of Uncontroverted Material Facts (Incorporated into Defendant's Motion for Summary Judgment, DE 34) and, in support thereof, states as follows:

    1.    Disputed as incomplete. Plaintiff provided his cellular telephone number to Comcast for the sole purpose of being contacted regarding the installation of cable services:

    Q.  Okay. Is that your cell phone number?

    A.  Yes.

    Q.  Did you provide that phone number to Comcast when they did this service for you at your home?

    A.  I provided it so they can call for the installation.

    Q.  When do you recall providing that phone number to Comcast, was it at the time of the service or prior to that?

> A.  That was when I called to order the service so they could come do the installation.
>
> Q.  So you placed a call to Comcast for someone to come out and install cable at your home?
>
> A.  Yes.
>
> Q.  And at that time on that phone call is when you provided your cell phone number?
>
> A.  Yes.
>
> Q.  Why is it that you provided your cell phone number to the employee?
>
> A.  So the guy could call to tell me when if I would have to be home for the installation.

Plaintiff's Deposition, page 21 line 23 to page 22 line 18.

> Q.  And when you called the employee from Comcast in order to get service at your home, did they ask you for a phone number that you could be reached?
>
> A.  Yes.
>
> Q.  And you provided that phone number of 561-667-8550?
>
> A.  Yes, that is the number I gave them so that the guy could do the installation.

Plaintiff's Deposition, page 22 line 25 to page 23 line 7.

> Q.  So my question is: When you signed this form on May 9, 2009, did you see that your cell phone number was listed twice on this form?
>
> A.  I don't remember. I know I gave the guy my number so he could call me to make sure somebody was home for the install.
>
> Q.  You keep saying "the guy," who is "the guy"?
>
> A.  The install guy, the cable guy.

> Q. The guy that came to your home to install the cable?
>
> A. The cable guy.
>
> Q. If I understand your testimony, you testified you called Comcast, you spoke to somebody at Comcast, said, "I need service on my cable, please send somebody out"; is that correct?
>
> A. Yes.
>
> Q. When you spoke to that employee from Comcast asking to have somebody come out, did you provide that person your cell phone number, the person you spoke with on the phone?
>
> A. Yes.
>
> Q. Did you also provide your cell phone number to the person who came to your home to provide the service, to install the cable?
>
> A. No, I didn't.

Plaintiff's Deposition, page 24 line 12 to page 25 line 11.

    2.    Undisputed.

    3.    Undisputed that Plaintiff did not pay the outstanding balance, disputed that Plaintiff "refused" to pay, there is no evidence that Plaintiff "refused" to pay. Disputed that Plaintiff provided his cellular telephone number for anything other than being contacting regarding the installation of cable television services. Plaintiff's Deposition, page 22 lines 15 to 18. Undisputed that Comcast referred the debt for collection to Defendant.

    4.    Undisputed.

    5.    Undisputed.

    6.    Undisputed.

7. Undisputed.

8. Disputed. Plaintiff provided his cellular telephone number to Comcast for the sole purpose of being contacted regarding the installation of cable services. Plaintiff's Deposition, page 22 lines 15 to 18.

9. Undisputed.

10. Undisputed.

11. Disputed. Credit Protection Association, LP, was not registered with the Florida Office of Financial Regulation; the license was in the name of "Credit *Protecton* Association, LP." DE 34-1 at CPA000014.

12. Disputed. Credit Protection Association, LP, was not registered with the Florida Office of Financial Regulation; the license was in the name of "Credit *Protecton* Association, LP." DE 34-1 at CPA000014.

13. Undisputed.

14. Disputed. Ms. Chmielowiec's testimony, claiming that the Florida Office of Financial Regulation made a typographical error, is inadmissible hearsay. Ms. Chmielowiec's testimony is contradicted by two facts: 1) Defendant has maintained a license in the name of Credit Protecton Association, LP since at least 2004, with annual renewals thereof. Deposition of Judi Chmielowiec, DE 34-3, "Chmielowiec Deposition," page 23 lines 1 through 21; Exhibits "A," "B," and "C," attached here.  And 2) Ms. Chmielowiec's inability to remember when she supposedly changed the company's registration, as well Defendant's failure to maintain any documents demonstrating its purported communication with the Florida Office of Financial Regulation is contradicted

by the fact that two months after the inception of this lawsuit, on July 25, 2011, the license with the Florida Office of Financial Regulation still read "Credit *Protecton* Association, LP." See Exhibit "A," attached.  Ms. Chmielowiec testified that she could not remember what year she spoke with the Florida Office of Financial Regulation to address the spelling of the license, but that she spoke with them before Plaintiff's lawsuit was filed. Chmielowiec Deposition, page 9, lines 1 through 20, page 11 line 23 to page 12 line 12. A reasonable inference from these facts is that Defendant failed to correctly register itself with the Florida Office of Financial Registration since at least 2004, and only after this lawsuit was filed did Defendant undertake the minimal effort necessary to properly register its company.

15.   Disputed. Judi Chmielowiec testified that she did *not* notify the Florida Office of Financial Regulation at any time that the firm's name was incorrect in the records. Ms. Chmielowiec testified that when she renewed the license, she requested that the spelling be corrected. Ms. Chmielowiec could not testify as to when this occurred. Chmielowiec Deposition, page 7 line 7 to page 9 line 25. Credit *Protecton* Association, LP was the name under which Defendant was licensed since at least 2004. See Exhibit "B," attached.

16.   Disputed. Credit Protection Association, LP, was not registered with the Florida Office of Financial Regulation; the license was in the name of "Credit *Protecton* Association, LP." DE 34-1 at CPA000014.

17.   Undisputed.

18. Disputed. When Plaintiff received the telephone message on May 13, 2012, he believed that Credit Protection might be suing him or about to sue him for a debt. Plaintiff expected to be sued, so he turned the matter over to his counsel to investigate. Plaintiff's Deposition, page 32 lines 13 through 18, page 33 lines 2 through 9, page 33 lines 20 through 24.

19. Disputed. When Plaintiff received the telephone message on May 13, 2012, he believed that Credit Protection might be suing him or about to sue him for a debt. Plaintiff expected to be sued, so he turned the matter over to counsel to investigate. Plaintiff's Deposition, page 32 lines 13 through 18, page 33 lines 2 through 9, page 33 lines 20 through 24.

20. Disputed. Plaintiff did not testify that he has no actual damages; rather, the parties stipulated that Plaintiff was only seeking statutory damages. Plaintiff's Deposition, page 15 line 25 to page 16 line 3.

## **PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

21. Plaintiff provided his cellular telephone number to Comcast for the sole purpose of being contacted regarding the installation of cable services:

> Q. Okay. Is that your cell phone number?
>
> A. Yes.
>
> Q. Did you provide that phone number to Comcast when they did this service for you at your home?
>
> A. I provided it so they can call for the installation.
>
> Q. When do you recall providing that phone number to Comcast, was it at the time of the service or prior to that?

> A. That was when I called to order the service so they could come do the installation.
>
> Q. So you placed a call to Comcast for someone to come out and install cable at your home?
>
> A. Yes.
>
> Q. And at that time on that phone call is when you provided your cell phone number?
>
> A. Yes.
>
> Q. Why is it that you provided your cell phone number to the employee?
>
> A. So the guy could call to tell me when if I would have to be home for the installation.

Plaintiff's Deposition, page 21 line 23 to page 22 line 18.

> Q. And when you called the employee from Comcast in order to get service at your home, did they ask you for a phone number that you could be reached?
>
> A. Yes.
>
> Q. And you provided that phone number of 561-667-8550?
>
> A. Yes, that is the number I gave them so that the guy could do the installation.

Plaintiff's Deposition, page 22 line 25 to page 23 line 7.

> Q. So my question is: When you signed this form on May 9, 2009, did you see that your cell phone number was listed twice on this form?
>
> A. I don't remember. I know I gave the guy my number so he could call me to make sure somebody was home for the install.
>
> Q. You keep saying "the guy," who is "the guy"?
>
> A. The install guy, the cable guy.

Q. The guy that came to your home to install the cable?

A. The cable guy.

Q. If I understand your testimony, you testified you called Comcast, you spoke to somebody at Comcast, said, "I need service on my cable, please send somebody out"; is that correct?

A. Yes.

Q. When you spoke to that employee from Comcast asking to have somebody come out, did you provide that person your cell phone number, the person you spoke with on the phone?

A. Yes.

Q. Did you also provide your cell phone number to the person who came to your home to provide the service, to install the cable?

A. No, I didn't.

Plaintiff's Deposition, page 24 line 12 to page 25 line 11.

22. Credit *Protecton* Association, LP was the name under which Defendant was licensed annually since at least 2004. See Exhibit "B," attached, public records of Defendant's licensure, of which the Court may take judicial notice.

23. On December 7, 2009, Defendant paid a renewal fee for and renewed the license for Credit *Protecton* Association, LP. See Exhibit "C," attached, public records of Defendant's licensure, of which the Court may take judicial notice.

24. Two months after the inception of this lawsuit, on July 25, 2011, the license with the Florida Office of Financial Regulation still read "Credit *Protecton* Association, LP." See Exhibit "A," attached, public records of Defendant's licensure, of which the Court may take judicial notice.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
don@donyarbrough.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-80604-Civ-Marra/Hopkins

SHERONE C. JOHNSON,

     Plaintiff,

v.

CREDIT PROTECTION ASSOCIATION, L.P.,

     Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>July 3, 2012</u>, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                   s/Donald A. Yarbrough
                                                                   Donald A. Yarbrough, Esq.

## SERVICE LIST

Ms. Barbara Fernandez, Esq.
Hinshaw & Culbertson, LLP
4 Floor
2525 Ponce de Leon Boulevard
Coral Gables, FL 33134
Telephone: 305-428-5031
Facsimile: 305-577-1063

<u>Via Notices of Electronic Filing generated by CM/ECF</u>