UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-80604-Civ-Marra/Hopkins

SHERONE C. JOHNSON,

    Plaintiff,

v.

CREDIT PROTECTION ASSOCIATION, L.P.,

    Defendant.
_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT

Plaintiff, Sherone C. Johnson, files this Opposition to Defendant's Motion for Summary Judgment (DE 34) and, in support thereof, states as follows:

1.    Defendant's Motion for Summary Judgment should be denied: 1) because Defendant has waived the defense of consent by failing to plead consent as an affirmative defense when Defendant answered this suit; 2) because Plaintiff gave instructions limiting the use of his cellular telephone number, in compliance with a binding Federal Communication Commission ("FCC") Order; 3) because Defendant was not licensed under its own name with the Florida Office of Financial Regulation when it undertook to collect a debt from Plaintiff; 4) because Defendant has argued a bona fide error defense, and the bona fide error defense is a jury question, requiring a determination of reasonableness and intent; and 5) because the licensing of a business in the wrong name *is* material, and *does* rise to the level of a violation of the Fair Debt Collection Practices Act ("FDCPA").

1

## **DEFENDANT HAS WAIVED THE DEFENSE OF CONSENT**

2. Prior express consent is a defense to actions under the Telephone Consumer Protection Act ("TCPA") that the defendant must affirmatively plead, it is not an element that the Plaintiff is required to plead:

> To ensure that creditors and debt collectors call only those consumers who have consented to receive autodialed and prerecorded message calls, we conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent.

In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Request of ACA International for Clarification and Declaratory Ruling, FCC 07-232 ("FCC Ruling"), ¶ 10.

In Defendant's Answer (DE 10), Defendant did *not* plead the defense of prior express consent. Defendant pled only one affirmative defense, the bona fide error defense (DE 10 at page 5), and, importantly, did not reserve the right to amend its answer or later assert any additional defenses. Pursuant to Fed. R. Civ. P. 8(c), a party must plead all defenses, or they are waived. See Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2179-80, 171 L. Ed. 2d 155 (2008); John R. Sand & Gravel Co. v. U.S., 552 U.S. 130, 133, 128 S. Ct. 750, 753, 169 L. Ed. 2d 591 (2008). Defendant did not raise the defense of consent in its answer, thus Defendant's defense is waived as a matter of law under binding Eleventh Circuit precedent:

> First, Fed.R.Civ.P. 8(c) provides that "in pleading to a preceding pleading, a party shall set forth affirmatively . . . any other matter constituting an avoidance or affirmative defense." *An affirmative defense not pleaded in the defendant's answer is waived*. See Freeman v. Chevron Oil Co., 517 F.2d 201, 204 (5th Cir.1975).

Troxler v. Owens-Illinois, Inc., 717 F.2d 530, 532 (11th Cir. 1983) (emphasis added).

When defendant uses an automated telephone dialing system to call a cellular number, consent is the *only* defense applicable to the TCPA. There is no justification for Defendant's failure to affirmatively allege the defense of consent, and Defendant's failure to assert this defense in its Answer (DE 10) constitutes a waiver of this defense under binding Eleventh Circuit precedent. Thus, the Court should deny Defendant's motion for summary judgment as it pertains to the TCPA.

### PLAINTIFF GAVE "INSTRUCTIONS TO THE CONTRARY" AND THUS, HIS PROVISION OF HIS CELLULAR TELEPHONE NUMBER DOES NOT ACT AS A CONSENT TO AUTOMATED CALLS

3. Even if the Court were to find that Defendant did *not* waive its defense of consent, Defendant's motion still fails because Plaintiff's provision of his cellular telephone number does *not* constitute automatic or implied consent to automated calls, as Plaintiff gave specific instructions regarding the use of the number. The FCC has held that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, *absent instructions to the contrary.*" FCC Ruling, ¶ 9, emphasis added. There is a presumption of consent, *unless* the person providing the number has given some other instruction. In the instant case, Plaintiff provided his cellular telephone number to an employee of Comcast for the sole purpose of being contacted regarding the installation of cable services. Plaintiff's Statement of Additional Material Facts, filed contemporaneously in support of this Opposition, "PSAMF" ¶ 21. Plaintiff testified that he provided the telephone number so that a Comcast employee would be able to call and let Plaintiff

3

know whether or when he would need to be at home for the installation. PSAMF ¶ 21. He never provided the number at any other time. PSAMF ¶ 21. Thus, Plaintiff's provision of the telephone number for the sole purpose of being contacted regarding the installation acts as "other instructions to the contrary," and Defendant was required to obtain *express* consent to place automated calls to Plaintiff's cellular telephone number.  As the non-moving party, the Court must construe all facts and make all reasonable inferences in Plaintiff's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A reasonable jury could conclude from Plaintiff's testimony that he did *not* impliedly consent to the use of his telephone number for collection purposes. Thus, at the very least, Plaintiff's testimony creates an issue of material fact on the issue of consent that precludes the entry of summary judgment. Therefore, the Court should deny Defendant's motion for summary judgment as it pertains to the TCPA.

## DEFENDANT'S FAILURE TO MAINTAIN A LICENSE IN ITS OWN NAME IS A VIOLATION OF THE FDCPA

4. The undisputed evidence shows that Defendant, Credit Protection Association, L.P., was *not* licensed as a consumer collection agency when it undertook to collect a debt from Plaintiff in 2010. PSAMF ¶ 22-24. The undisputed evidence instead shows that Defendant maintained a license for "Credit *Protecton* Association, LP." PSAMF ¶ 22-24. Defendant contends that its failure to maintain a license in its own name is *not* a violation of the FDCPA because 1) Defendant did not cause the error, 2) Defendant caught and fixed the error, 3) Defendant was licensed, even though the license listed the wrong name, and 4) the license being in the wrong name was not materially

4

false or misleading. Defendant is wrong. Firstly, there is no evidence that Defendant did not cause the error in question. Defendant relies solely on the testimony of Judi Chmielowiec, whose testimony was that the Florida Office of Financial Regulation made a typographical error. Deposition of Judi Chmielowiec, DE 34-3, "Chmielowiec Deposition," page 9, lines 1 through 20. Firstly, Ms. Chmieloweic's testimony is not credible. Ms. Chmielowiec testified that she could not remember what year she spoke with the Florida Office of Financial Regulation to address the spelling of the license, but that she spoke with them before Plaintiff's lawsuit was filed. Chmielowiec Deposition, page 9, lines 1 through 20, page 11 line 23 to page 12 line 12. However, two months after the inception of this lawsuit, on July 25, 2011, the license with the Florida Office of Financial Regulation still read "Credit *Protecton* Association, LP." PSAMF ¶ 24. As Ms. Chmielowiec's testimony is contradicted by undisputed evidence, her testimony is not credible, and should be weighed by a jury. Further, as Ms. Chmieloweic has no personal knowledge of the workings of the Florida Office of Financial Regulation, her testimony that the "error" was made by Florida Office of Financial Regulation is hearsay.

     5.     Defendant, it seems, is trying to argue a bona fide error defense, available under 15 U.S.C. §1692k(c). The bona fide error defense is ordinarily the province of the jury, as it requires a determination of reasonableness, and of intent and good faith: "[E]ven assuming Defendant can assert the bona fide error defense, Defendant's intent or lack of intent is a question of fact which the Court is unable to determine on this record as a matter of law." Valencia v. Affiliated Group, Inc., 2008 WL 4372895 (S.D. Fla. 2008) (citing In Re Stratford, 635 F.2d 365, 368 (5th Cir. 1981) (the determination of the

parties' intent is a question of fact rather than one of law). See also: Pincus v. The Law Offices of Erskine & Fleisher et al., Case No.: 08-81357-Civ-Marra/Johnson (S.D. Fla. January 19, 2010); Johnson v. Riddle, 443 F.3d 723 (10th Cir. 2006).

6. Even if the Court were to consider the defense of a bona fide error, Defendant has failed to satisfy its burden of proving the elements of this defense. To prove a bona fide error defense, Defendant must show by a preponderance of evidence "that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Edwards v. Niagara Credit Solutions, Inc., 2009 U.S. App. LEXIS 22500 (11th Cir. 2009). Defendant did not present any evidence as to any procedures that it maintained to avoid the circumstances that occurred in this case – namely, Defendant has not provided any evidence that it maintained any procedures, let alone reasonable ones, to ensure that it was properly licensed in its correct name. In reality, Defendant has maintained a license under the name "Credit *Protecton* Association, LP" since at least 2004, and maintained and renewed the same license, for "Credit *Protecton* Association, LP" through at least 2010, and possibly even beyond the filing of this lawsuit. PSAMF ¶ 22-24. No reasonable juror could conclude, in light of Defendant's failure to license itself under its actual name for more than six years, that Defendant maintained a reasonable procedure adapted to avoid licensing problems. Thus, Defendant's bona fide error defense fails.

7. Defendant argues that even if it was not licensed under its own name, such could not constitute a violation of the FDCPA because it is "hypertechnical" and not

6

material, because it would not mislead the "least sophisticated consumer." Defendant is wrong. The difference of one letter is enormously material – in many cases, it can make the name at issue the name of a completely different person or a completely different company. See, e.g., Sun-Maid Raisin Growers v. Sunaid Food Products, Inc., 254 F. Supp. 649 (S.D. Fla. 1964). Importantly, on the license issued by the Florida Office of Financial Regulation for the year of 2010, the license specifically states "the licensee *identified below* is authorized to conduct business as indicated by the license type." PSAMF, Exhibit "C," emphasis added. The "licensee identified below" was Credit *Protecton* Association, LP, *not* Defendant, thus, Credit *Protecton* Association, LP was authorized to conduct business, *not* Defendant.

8. In the context of records, a misspelled name can be fatal. In Orr v. Byers, 198 Cal.App.3d 666 (Cal. App. 4th 1988), an abstract of judgment prepared by Orr's attorney, against a "William Elliott" erroneously identified him as "William Elliot" (with only one "t"). When the abstract of judgment was recorded, it was listed in the grantor-grantee index under "William Elliot." Thereafter, Elliott obtained and sold a parcel of property to Byers that would have been subject to Orr's judgment lien, but a title search did not find the judgment lien against "Elliot," so the judgment was not satisfied from the proceeds of the sale. Orr argued that Byers had constructive notice of the judgment lien, even though it contained an incorrect spelling. The court held that requiring a title searcher to comb the records for other spellings of the same name, and to track down and think of all the different ways a name might be improperly spelled, would place an undue burden on the searcher. The same logic applies in the instant case. The records

maintained by the Florida Office of Financial Regulation are searchable by the name of the company – they are indexed by the exact spelling of the license. Thus, prior to Defendant properly licensing itself, a search through the Florida records for "Credit Protection Association, LP," or even just "Credit Protection," would *not* have led a person to a current license for Defendant. The "least sophisticated consumer" would certainly be misled by this fact – the average person would conclude that Defendant was not licensed. When Plaintiff retained counsel to investigate a potential lawsuit against him by Defendant, even Plaintiff's attorney, who is arguably more sophisticated than the average consumer, could not locate the records – an attorney with years of experience in over a thousand cases under the FDCPA. This is not a hypertechnical violation of the FDCPA – it is the complete failure of a debt collector, for at least six years, to license itself under its own name. Defendant conducted business in the state of Florida for years without a proper license, evincing a complete disregard for the requirement. Because Defendant's failure to license itself in its own name *is* material, the Court should deny Defendant's motion for summary judgment as to the FDCPA.

9. For the foregoing reasons, the Court should deny Defendant's motion for summary judgment in its entirety.

        Respectfully submitted,

        DONALD A. YARBROUGH, ESQ.
        Attorney for Plaintiff
        Post Office Box 11842
        Fort Lauderdale, Florida 33339
        Telephone: (954) 537-2000

Facsimile: (954) 566-2235
don@donyarbrough.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-80604-Civ-Marra/Hopkins

SHERONE C. JOHNSON,

    Plaintiff,

v.

CREDIT PROTECTION ASSOCIATION, L.P.,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 3, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                  s/Donald A. Yarbrough
                                                  Donald A. Yarbrough, Esq.

## SERVICE LIST

Ms. Barbara Fernandez, Esq.
Hinshaw & Culbertson, LLP
4 Floor
2525 Ponce de Leon Boulevard
Coral Gables, FL 33134
Telephone: 305-428-5031
Facsimile: 305-577-1063

Via Notices of Electronic Filing generated by CM/ECF