UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-80604-Civ-Marra/Hopkins

SHERONE C. JOHNSON,

    Plaintiff,

v.

CREDIT PROTECTION ASSOCIATION, L.P.,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND ANSWER TO PLAINTIFF'S COMPLAINT**

    Plaintiff, Sherone C. Johnson, files this Response in Opposition to Defendant's Motion to Amend Answer to Plaintiff's Complaint, and in support thereof, states as follows:

    1.    Defendant's motion should be denied for three reasons: 1) Defendant's motion was untimely filed as it was well beyond the amendment cutoff date, the discovery cutoff date and the summary judgment cutoff date, and only filed *after* Plaintiff informed Defendant that the defense which Defendant now attempts to raise was never raised; 2) Defendant's motion is severely prejudicial to Plaintiff, as it comes, not only after the summary judgment cutoff, but after Plaintiff already filed a response in opposition to Defendant's motion for summary judgment; and 3) for failure to comply with Local Rule 7.1(a)(3), requiring a pre-filing conference on the motion.

    2.    First and foremost, Defendant's motion is hopelessly untimely. This case was filed on May 20, 2011, and Defendant filed its Answer and Affirmative Defenses

1

(DE 10), on August 18, 2011. The cutoff for amendments was December 16, 2011 (DE 13). Defendant's counsel should have confirmed that there was no need to amend prior to the amendment cutoff – however, Defendant's counsel failed to do so. The defense Defendant is attempting to raise now is not newly discovered; it could have and should have been asserted by Defendant in its Answer. The omission by Defendant was preventable, and, if nothing else, should have at the very least been dealt with before the amendment cutoff. In actuality, Defendant only brought the instant motion after *Plaintiff* brought to Defendant's attention that the defense was never asserted. Defendant should not be given the opportunity to amend its Answer *nearly a year* after it answered the suit, particularly in light of the fact that Defendant has only done so in response to Plaintiff's argument of waiver.

    3.    If Defendant's motion were granted, Plaintiff would be severely prejudiced. The deadline to complete discovery was April 16, 2012, and the deadline to file dispositive motions was May 16, 2012 (DE 13). Defendant did not file its motion to amend until *after* Plaintiff already responded to Defendant's Motion for Summary Judgment. If the instant motion were granted, it would give Plaintiff no opportunity to respond to the new defense, whether by obtaining additional discovery or herself moving for summary judgment. In fact, Defendant only brought this motion *after* Plaintiff opposed Defendant's Motion of Summary Judgment, in response to Plaintiff's argument of waiver. If the Court were to allow this defense now, it would amount to a re-litigation of the entire case, as it would require not just that the depositions of Defendant and Plaintiff be taken again, but that the deposition of a third party, Comcast, be taken on this

new issue. In the case cited by Defendant, Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754 (11th Cir. 1995), the Eleventh Circuit upheld the lower court's decision to allow the Defendant to amend, because the lower court found that the amendment would not prejudice plaintiff, but this was *only* because the defense was raised at the pretrial conference and was included in a pretrial order which superseded the parties' original pleadings. In this case, there will *not* be a pretrial conference (DE 13), and there will not be a pretrial order which supersedes the original pleadings of the parties. Plaintiff *will be* severely prejudiced if Defendant is allowed to assert a defense now which has already been waived, as there is no further opportunity for Plaintiff to act, thus, the defense *should* be waived. This is in accord with the long-standing Eleventh Circuit precedent quoted by Defendant: "The failure to include an affirmative defense in the answer or have it included in the pre-trial order of the district court, which supersedes the pleadings, will normally result in waiver of the defense." Jackson v. Seaboard Coast Line Railroad Company, 678 F.2d 992 (11th Cir. 1982). At this late stage in the litigation, waiver is appropriate. In Morgan Guaranty Trust Co. v. Blum, 649 F.2d 342 (5th Cir. 1981)[1], the Fifth Circuit denied a defendant's motion to amend for circumstances similar to those that occurred in the instant case. In Morgan, all depositions had been taken, all discovery had been concluded, and the discovery cutoff had lapsed. Importantly, the defendant had the information it needed to properly assert its claims at the time that the first responsive pleading was filed, and the defendant failed to offer any explanation as to the delay in

---

[1] Pursuant to Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981), all decisions of the Fifth Circuit handed down prior to October 1, 1981, are binding Eleventh Circuit precedent. Morgan was decided on July 2, 1981.

3

asserting the additional defenses. In this case, all discovery, depositions, and briefing for summary judgment have been completed, and Defendant knew from its receipt of the complaint that prior express consent was a defense to this action, one which should have been raised as an affirmative defense. Defendant has offered no explanation as to why it could not have alleged the affirmative defense in its answer, or at any point prior to when Plaintiff brought the lack of defense to its attention – instead, Defendant argues it never needed to allege consent as a defense, because it is statutory, and that in any event, Plaintiff knew Defendant would raise consent as a defense. Defendant is wrong as to both contentions.

    4.    Defendant contends that the topic of consent was extensively covered during Plaintiff's deposition, however, at Plaintiff's deposition; he was asked only if he gave his cellular telephone number to Comcast. There was no discussion of whether or not Plaintiff provided prior express consent to Comcast or to Defendant, the word "consent" was never used during the deposition, and Plaintiff was never asked if he agreed to calls being placed to his cellular telephone using an automatic telephone dialing system or an artificial voice. Defendant asking Plaintiff who he gave his cellular number to and for what reason is not the same as raising the issue of prior express consent, and as such, it is disingenuous for Defendant to argue that Plaintiff "testified extensively" on this topic. In fact, if the Court were to allow this newly raised defense, Plaintiff, Defendant, and third-party Comcast would all need to be deposed on the issue of consent, as it has not been an issue in this case prior to Defendant's attempt to now assert this defense.

5. Regarding Defendant's contention that the defense need not be pled as an affirmative defense, Defendant is wrong. Even the cases cited by Defendant do not support this proposition, particularly D.G. v. Diversified Adjustment Service, Inc., 2011 WL 5506078 (N.D. Ill. Oct. 18, 2011). The court in D.G., considering the defense of consent under the TCPA, held:

> The Federal Communications Commission has made clear, however, that *consent is an affirmative defense* that is not part of a plaintiff's prima facie case under the TCPA. See 23 F.C.C.R. 559, 565 (Dec. 28, 2007) ("To ensure that creditors and debt collectors call only those consumers who have consented to receive autodialed and prerecorded message calls, we conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent."). Thus the burden rests on the defendant to show that it obtained consent. Id. Diversified's argument is without merit.

D.G. v. Diversified Adjustment Service, Inc., 2011 WL 5506078 (N.D. Ill. Oct. 18, 2011)(emphasis added).

The court in John R. Sand & Gravel Co. v. US, 552 US 130, the other case cited by Defendant for this proposition, was not considering the argument of waiver so much as it was considering the duty of the court, in a Court of Federal Claims action, to independently consider a lawsuit's timeliness without a party raising the issue (because of the special statute of limitations and the involvement of the Government). The issue in the instant case is *not* a statute of limitations issue, nor is the instant case a suit against the United States Government, and as such, Defendant's citation to John R. Sand is erroneous.

6. Defendant's motion should also be denied for failure to comply with Local Rule 7.1(a)(3), requiring a pre-filing conference before the filing of motions. Defendant's

5

motion does not recite the existence of a conference, and no conference was held. In fact, Defendant's counsel was made aware of the insufficiency of its motion in this regard, and, *again*, only took steps to correct the problem *afterwards*. Defendant's counsel only attempted to confer on the motion the day *after* the motion was already filed. See Exhibit "A." Local Rule requires the conference on a motion to be held *prior* to the filing of any motion, not after, and the Rule further provides that failure to comply may be cause for the Court to deny the motion. Defendant has completely ignored Local Rules and orders of this Court (particularly this Court's scheduling order). Defendant failed to amend its Answer within the time allotted by the Court for amendments, and later filed a motion to amend without bothering to confer (and failing to recite a conference, or even an attempt at one). The Court should not permit Defendant to amend, as Defendant has acted with blatant disregard for Local Rules and for orders of this Court, has not shown good cause, and most importantly, because Plaintiff would be extremely prejudiced by the Court allowing Defendant to assert this defense in light of Plaintiff having already responded to Defendant's motion for summary judgment. Thus, Defendant's motion should be denied.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
don@donyarbrough.com

s/Donald A. Yarbrough

Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-80604-Civ-Marra/Hopkins

SHERONE C. JOHNSON,

    Plaintiff,

v.

CREDIT PROTECTION ASSOCIATION, L.P.,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 2, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                    s/Donald A. Yarbrough
                                                    Donald A. Yarbrough, Esq.

## SERVICE LIST

Ms. Barbara Fernandez, Esq.
Hinshaw & Culbertson, LLP
Suite 1600
9155 South Dadeland Boulevard
Miami, FL 33156-2741
Telephone: 305-428-5031
Facsimile: 305-577-1063

Via Notices of Electronic Filing generated by CM/ECF