UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80604-CIV-MARRA

SHERONE C. JOHNSON,

    Plaintiff,

v.

CREDIT PROTECTION ASSOCIATION,
L.P.,

    Defendant.

_____/

## **OPINION AND ORDER**

THIS CAUSE is before the Court upon Defendant Credit Protection Association, L.P.'s Verified Motion for Attorney's Fees (DE 66). The Court has carefully considered the motion and is otherwise fully advised in the premises.

### I. Background [1]

A brief recitation of the record is necessary. In the Court's November 20th, 2012 Summary Judgment Order [DE 59] granting summary judgment to Defendant, the court rejected Plaintiff's arguments that (1) Plaintiff did not consent to telephone calls from Defendant under the Telephone Consumer Protection Act 47 U.S.C. § 227 ("TCPA") and (2) Defendant violated the Fair Debt Collection Practices Act 15 U.S.C. § 1692 ("FDCPA") due to a typographical error in the spelling of Defendant's name on file with the Florida Office of Financial Regulation ("FOFR").

Defendant now moves for attorney's fees pursuant to 15 U.S.C. 1692k and 28 U.S.C. 1927, claiming that the theories advanced by Plaintiff were frivolous. Specifically, Defendant

---

[1] Familiarity with the Court's prior orders is presumed.

states that Plaintiff learned that Defendant was properly licensed early in the litigation, on October 13, 2011, and therefore should not have continued to pursue this theory past that date. Furthermore, Plaintiff should have been aware that the Federal Communications Commission ("FCC") had determined that by providing his cellular telephone number to Defendant, Plaintiff consented to be contacted at that number.

## II. Discussion

Section 1692k(a) of Title 15 of the United States Code provides:

> (a)   Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of
>
> . . .
>
> (3)   [I]n the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a)(3).  To award fees, a court must find that an action was brought in both "bad faith *and* for the purpose of harassment." *Chaudhry v. Gallerizzo,* 174 F.3d 394, 411 (4th Cir. 1999) (emphasis added); See *Spira v. Ashwood Fin., Inc.*, F.Supp. 2d 150, 161 (E.D.N.Y, 2005).

Section 1927 of Title 28 of the United States Code provides:

> Any attorney or other person admitted to conduct cases in any court in the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  To award sanctions, three requirements must be satisfied: (1) "an attorney must engage in 'unreasonable and vexatious' conduct; (2) such 'unreasonable and vexatious' conduct must multiply the proceedings [and] (3) the amount of the sanction cannot exceed the costs, occasioned by the objectionable conduct." *See McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001) (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)). Section 1927 requires a "touchstone" of "bad faith" on the part of the attorney. *Schwartz v. Million Air, Inc.*, 341 F.3d 1220, 1225-26 (11th Cir. 2003).

Although Plaintiff was eventually put on notice that Defendant was licensed in the state of Florida and therefore legally allowed to engage in debt collection, when Plaintiff brought the claim there was no way of locating Defendant's license, due to a spelling error on the license. (Office of Financial Regulation record I, CPA000014, Ex. 1, DE 34-1)  Therefore, when Plaintiff brought the suit, he was under a mistaken, but reasonable belief that Defendant was not licensed in the state of Florida.  Although Plaintiff was later made aware that Defendant was licensed, Plaintiff claimed that Defendant's failure to maintain its license in the proper name made the license void.  While the argument did not prevail, Plaintiff did have a right to pursue it and in doing so he did not unreasonably and vexatiously multiply the proceedings.

Plaintiff's other two claims turned on the issue of whether Plaintiff gave his consent to be called by Comcast on his cellular phone. Plaintiff did provide his cellular phone number to Comcast on a work order, however, the issue was whether he gave instructions that it only be used for installation purposes. As discussed in the Summary Judgment Order, the FCC previously issued a declaratory order which states, in part, that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *In the Matters of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*. Report and Order, 7 F.C.C.R. 8752, ¶ 9 (Oct. 16, 1992). Plaintiff claimed that because he gave his cellular number to Comcast to allow Comcast to contact him about the installation, this constituted "instructions to the contrary" under the FCC ruling.[2] Although Plaintiff's argument ultimately did not prevail, there was nothing unreasonable about pursuing it.[3] For the foregoing reasons, Defendant's motion for attorney's fees is denied.

---

[2] In so ruling, the Court rejects Defendant's reliance on *Black v. Equinox Fin. Mgmt. Solutions, Inc.*, 444 F.Supp. 2d 1271 (N.D. Ga. 2006) and *Conner v. BCC Fin. Mgmt. Servs.*, 597 F.Supp. 2d 1299 (S.D. Fla. 2008). In *Black*, the court found the plaintiff's claim was nothing more than a "hunch" about a significant fact. *Black,* 444 F.Supp. 2d at 1275. Here, Plaintiff chose to advance legal theories which, while unsuccessful, cannot be likened to failing to research the underlying facts of a claim. Although *Conner* concerned a claim that the Defendant was not a licensed debt collector, *Conner* can be distinguished on two grounds: (1) Plaintiff in the instant case also challenged whether the typographical error rendered the license ineffective and (2) there was evidence in *Conner* that Plaintiff's counsel filed numerous motions for extensions of time to respond to the pending Summary Judgment motion, but then failed to file a substantive response.

[3] The Court notes Defendant relies upon *CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 446–50 (7th Cir. 2010) (DE 79 at 6) for the proposition that it was unreasonable for Plaintiff to pursue this theory because an FCC order is binding and cannot be challenged in district court. Plaintiff, however, did not seek to invalidate the FCC ruling. He merely challenged the applicability of the FCC rule to the facts of this case.

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Verified Motion for Attorney's Fees (DE 66) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 24th day of July, 2013.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE